Miller *v.* Shall.

---

———————◆———————

## MILLER *vs.* SHALL.

Service of a notice of judgment, to limit the time for appealing, is complete when it is mailed to the attorneys of the other party, properly addressed, &c.; whether it is received by such attorneys or not.

An order and notice of substitution are both essential, to render a change of attorneys regular. Notice alone, without an order actually obtained, is insufficient.

And unless an order for substitution is obtained, and notice thereof served upon the opposite attorney, he is not bound to recognize the person claiming to be substituted, and may disregard and return notices received from him.

MOTION, by the plaintiff, for leave to make a case and bill of exceptions, and to have the plaintiff's attempt to appeal declared good and effectual, and that the appeal was taken in time.

Miller *v.* Shall.

The action was tried in November, 1872, and leave given to make case, &c., in thirty-five days. No case was made within the time given by the order. Judgment was perfected in favor of the defendant, and notice thereof given January 6th, 1874, by serving notice upon Culver & Burchard, attorneys of the plaintiff, and upon S. S. Morgan, Esq., who had appeared as counsel for the plaintiff. The attorneys say, in their affidavits, they never received the notice of judgment.

A notice of appeal was served by Morgan & Rafter, as attorneys for plaintiff, July 15, 1874. The same was returned with a notice that no notice of substitution as attorneys had been given. On Nov. 10, 1874, Morgan & Rafter served another notice of appeal, which was returned, with notice that the time to appeal had expired.

*Morgan & Rafter*, for the motion.

*A. H. Prescott*, opposed.

HARDIN, J. It was held in *Humphrey* v. *Chamberlain* (11 *N. Y.*, 274,) that "the Supreme Court has not power to relieve a party from an omission to appeal to the General Term from a judgment within the time prescribed by law."

The notice of judgment served January 6, 1873, had the effect to limit the plaintiff's right to appeal, whether it was received by her attorneys or not. The service was complete when the notice was mailed properly addressed, &c. (*Morris* v. *Morange*, 17 *Abb.*, 86; *affirmed by Court of Appeals, see* 31 *How.*, 639.)

The 15th rule of this court provides that an attorney may be changed *by the order of the court* or a judge thereof, not otherwise. No such order was obtained prior to the service of notice of appeal by Morgan & Rafter, and the return thereof in July, 1873, and so far as the defendant was concerned he was right in return-

ing the notice of appeal, and treating Culver & Burchard as the plaintiff's attorneys of record. (*Parker* v. *City of Williamsburgh*, 13 *How.*, 250.) An order, and notice of substitution, are essential to render the change of attorneys regular. BROWN, J., says, in the case last cited, (page 251,) that "without notice, he could not safely serve his papers upon the substituted attorney, and treat him as the real representative of the party."

There must be notice of substitution given, to render it effectual. (*Bogardus* v. *Richtmeyer*, 3 *Abb.*, 179.)

The plaintiff's learned counsel claimed on the argument of the motion, that the appeal might be regarded as a new action, and therefore that it might be brought by other attorneys than those appearing on the record prior to judgment. No case was cited supporting the argument. None has been found by the court, holding to the extent of the argument. But on the contrary, HOFFMAN, J., rules the other way in *Fry* v. *Bennett*, (7 *Abb.*, 365.) He says: "It has been urged that an appeal is a new action. With respect, I regard this position as *clearly indefensible.*"

These views lead to the conclusion that no appeal was regularly taken before the expiration of the time limited by the statute within which an appeal may be brought.

There can be no benefit derived by the plaintiff in having a case and exceptions, in the absence of an appeal. The laches of the plaintiff have been very great.

The motion must be denied, with $10 costs.

[HERKIMER SPECIAL TERM, June, 1875. *Hardin*, Justice.]