CONNOR *v.* THE ESTATE OF JAMES CONNOR.

A party aggrieved by a judgment in the district court in an action begun prior to the 1st day of October, 1877, may appeal to this court under either the old or new system.

*Appeal from District Court of Arapahoe County.*

Messrs. BENEDICT & PHELPS appeared specially for appellee and moved to dismiss the appeal.

Messrs. HUGHES & WELBORN, *contra.*

*Per Curiam.* The judgment, from which the appeal was taken in the case, was not rendered in an action *commenced* in the district court, and hence, the time within which, after the rendition of the judgment, the appeal may be taken, cannot be determined by reference to the first division of section 338 of the Code.

The judgment in this cause was rendered in the district court, on appeal. The case was first brought and tried in the county court of Arapahoe county ; and from the judgment rendered in that court. an appeal was taken to the district court.

By the second division of the said section it is provided, that an appeal may be taken, from a judgment rendered on an appeal from an inferior court, within ninety days after the rendition of the judgment. To this class, the judgment of the district court in this cause belongs. The aggrieved party silently acquiesced in the judgment of the lower court, for almost six months, before taking a single step essential to an appeal under the Code. It is therefore clear that the appeal has no standing in this court, under the Code.

But it is insisted that if the appeal be not good under the Code, it is valid under our former system of practice, which the Code repealed ; not, however, without a saving clause.

The last section of the Code provides, after repealing the former system of practice, as follows : "Provided, that the repeal of such acts and parts of acts, or any of them, shall not be construed to abate or affect any suit, action or proceeding, *instituted* or *pending* in any court of this State, or other tribunal, *begun* prior to the 1st day of October, A. D. 1877, under any of the laws so repealed ; but all such suits, actions or proceedings may be prosecuted to final determination under the laws so repealed."

The suit, which ultimated in the judgment in the court below, was begun prior to October 1st, A. D. 1877 ; and under the provisions of the section just quoted, *may be* prosecuted to final determination, under the repealed laws. The aggrieved party, at his election, may appeal under either the old or the new system. Although the suing out of a writ of error is the commencement of a new suit (*Filley* v. *Cody*, 3 Col. 221 ; *Roberts et al., trustees, &c.* v. *Fahs et al.*, 32 Ill. 474), and the writ will not therefore lie, to bring up a judgment entered since the Code went into effect, *Willoughby* v. *George, ante,* p. 22 ; an appeal under the repealed laws was not a new action. It was but a *continuation* of the same suit — being only a transfer from one court to another for final hearing and judgment. Powell on Appellate Proceedings, p. 104, and cases cited.

It results, therefore, that the aggrieved party was at liberty to take his appeal under the former system, the suit having been originally brought, before the Code went into effect. But the appeal is also defective under the old system, as no appeal was prayed, until the lapse of more than three days after the entry of judgment. Under either system the appeal is alike vicious, and must therefore be
*Dismissed.*