[No. 1311.   Decided June 29, 1894.]

THE DEBENTURE CORPORATION (Limited) OF LONDON, ENGLAND *et al.*, *Appellants*, v. SUSAN F. WARREN *et al.*, *Respondents*.

APPEAL — TIME OF TAKING — FILING BOND — SALE ON FORECLOSURE — POSSESSION OF PREMISES — WRIT OF ASSISTANCE.

Under Laws 1893, p. 119, an appeal will not be dismissed for failure to give notice thereof within the prescribed time, when the record does not show that the respondent ever served notice in writing upon the appellant of the entry of the order complained of.

Under the appeal act of 1893 an appeal bond may be filed before the date of the taking of the appeal.

Where the purchaser at a mortgage sale is entitled to possession of the premises during the period of redemption, the plaintiff in the foreclosure proceedings is the proper party, upon the refusal of the mortgagor to surrender the premises, to proceed by petition for a writ of assistance.

Under § 519, Code Proc., the purchaser upon foreclosure sale is entitled to the possession, or rental, where there is a tenant, of the property from the day of sale.

Sec. 519, Code Proc. (Code 1881, § 378), was not repealed by implication by the enactment of § 513, Code Proc. (Laws 1885–86, p. 116).

*Appeal from Superior Court, King County.*

*Allen & Powell*, for appellants:

The writ of assistance is the appropriate remedy in this case. *Terrell v. Allison*, 21 Wall. 289 ; *Montgomery v. Tutt*, 11 Cal. 191 ; *Kershaw v. Thompson*, 4 John. Ch. 609. Petition was sufficient. *Griswold v. Simmons*, 50 Miss. 123 ; *Attorney General v. Lum*, 2 Wis. 371.

*Hart & Hart*, for respondent Warren.

The opinion of the court was delivered by

HOYT, J.— This appeal is from an order sustaining a demurrer to the petition of the appellants and denying the relief therein prayed for. Respondents moved to dismiss the appeal upon the ground —*first*, that it was not taken in time, and — *second*, that the bond was approved before the date of the taking of the appeal. The record fails to show that the respondents ever served notice, in writing, of the entry of the order upon the appellants, and under the provisions of the statute of 1893 (Laws 1893, p. 119), the appeal was in time. The action of the appellants in giving the bond on appeal was in substantial compliance with such statute. The motion will be denied.

Upon the merits the only substantial question to be decided is as to when the purchaser at a foreclosure sale is entitled to the possession of the property purchased. There are other questions discussed in the brief of the respondent. They relate to the procedure adopted by the appellants, and to the parties who are entitled to inaugurate the same. In regard to these matters it is only necessary to say, that, if the purchaser was entitled to possession at the time demand therefor was made on the mortgagor, the petition was sufficient to put in motion the powers of the court in aid of its process, to the end that the possession

to which the purchaser was entitled thereunder should be secured to him.

Upon the main question numerous authorities have been cited by the respective parties, but they furnish little aid in its determination for the reason that its decision so largely depends upon our statute.

It is contended upon the part of the respondents that the title does not pass until the expiration of the time for redemption, and that under the general rule the right to possession would not accrue until such title had passed. That such is the law in the absence of any express statute upon the subject is conceded.   But we have an express statutory provision.   It is found in § 519 of the Code of Procedure, which is in the following language:

"The purchaser from the day of sale until a resale or redemption, and the redemptioner from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the same period."

And under it we must hold that the purchaser is entitled to possession from the day of sale, if that section applies at all to sales made upon the foreclosure of a mortgage.   Its language is too explicit to allow of any construction whatever.   Does it apply to foreclosure sales? It is general in its language, and the chapter as a part of which it was enacted, in the Code of 1881, clearly refers to sales under mortgage foreclosure as well as other sales. And there is nothing in the nature of such sales which makes such a provision inapplicable thereto any more than to other sales on execution.   There is no reason why one who has his property sold upon an execution should be at once deprived of its possession, and one who has like property sold in a foreclosure proceeding should be allowed

to retain possession until the right of redemption has expired.

We are unable to agree with the contention of the respondents that the effect of the passage of the act of February 3, 1886, the substance of which is now contained in § 513 of the Code of Procedure, was to repeal the provisions of said § 519.    Before the enactment of that statute there was little need of the aid of § 519, so far as foreclosure sales were concerned, but that fact is not sufficient to authorize us to hold that a statute general in its terms, and clearly covering one class of cases, is repealed by another statute which brings another class within its purview. In our opinion the purchaser was entitled to possession upon demand any time after confirmation of the sale, upon presentation of a certificate from the sheriff, and that such being his right, and it being derived solely from the process of the court, it had jurisdiction to entertain a proceeding in the original action by which such rights could be secured.

The order will be reversed, and the cause remanded with directions to overrule the demurrer to the petition.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.