[No. 2746.  Decided November 12, 1897.]

THE STATE OF WASHINGTON, *on the Relation of E. T. Steele, Receiver, Respondent,* v. NORTHWESTERN AND PACIFIC HYPOTHEEK BANK *et al., Appellants.*

MORTGAGE FORECLOSURE — SALE — RIGHT OF PURCHASER TO POSSESSION.

A purchaser at a sale of real estate under decree of foreclosure, as well as upon an execution sale, is entitled to the possession of the premises sold from the time of the acceptance of his bid by the sheriff, and even prior to the confirmation of such sale by the court, under the provisions of Code Proc., §§ 507, 508 (Bal. Code, §§ 5291, 5292) and 519.

Appeal from Superior Court Spokane County.—Hon. L. H. PRATHER, Judge.  Reversed.

*Blake & Post,* for appellants.

*L. J. Birdseye,* for respondent.

The opinion of the court was delivered by

GORDON, J.—The sole question to be determined in this case is whether the purchaser of mortgaged premises at a foreclosure sale is entitled to be let into possession prior to the confirmation of such sale.  The question has been fully argued not only in this case but in *Vermont Loan & Trust Co. v. Taylor,* and *Chase v. Morford,* also heard at this term.

· Undoubtedly it was the settled rule in chancery practice that a purchaser at a judicial sale was, prior to confirmation, considered merely as a preferred bidder;  the court was considered the vendor and possessed the power to reject, set aside or confirm the sale at discretion, as equity and the ends of justice seemed to require.  Rorer, Judicial Sales, §545;  Wiltsie, Mortgage Foreclosure, §553;  2 Freeman,

Executions, §311.  The court was not bound to accept any bid, and might in its discretion refuse to confirm a sale.  A different rule exists in reference to execution sales.

" When an execution sale is reported, the court examines only the proceedings of the officer after the receipt of the writ, and in this examination seems to be restricted to the inspection of his official return, and the papers connected therewith."  2 Freeman, Executions, §311.

We have in this state, however, but one practice in relation to the confirmation of all sales of real estate, whether on execution or mortgage foreclosure, and that is prescribed by statute.  The sections applicable thereto are as follows (Bal. Code, §§ 5291, 5292):

" Sec. 507.  The officer shall strike off the land to the highest bidder, who shall forthwith pay the money bid to the officer, who shall return the money with his execution and his doings thereon to the clerk of the court from which the execution issued, according to the order thereof;  . . .

" Sec. 508.  Upon the return of any sale of real estate as aforesaid, the clerk shall enter the cause on which the execution issued, by its title, in the docket of the term next after such return, and mark opposite the same, 'sale of land for confirmation,' and the following proceedings shall be had:

" 1.  The plaintiff shall be entitled, on motion therefor, to have an order confirming the sale at the term next following the return of the execution, or if it be returned in term time, then at such term, unless the judgment debtor, or in case of his death his representatives, shall file with the clerk, ten days before such term, or if the writ be returned in term time, then five days after the return thereof, his objections thereto.

" 2.  If such objections be filed, the court shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion it shall satisfactorily appear that there were *substantial irregularities* in the proceedings concerning the sale, to the probable loss or injury of the

party objecting. In the latter case, the court shall disallow the motion, and direct that the property be resold, in whole or in part, as the case may be, as upon an execution received of that date.

" 3. Upon the return of the execution, the sheriff shall pay the proceeds of the sale to the clerk, who shall then apply the same, or so much thereof as may be necessary, in satisfaction of the judgment. If an order of resale be afterwards made, and the property sell for a greater amount to any person other than the former purchaser, the clerk shall first repay to such purchaser the amount of his bid out of the proceeds of the latter sale.

" 4. Upon a resale, the bid of the purchaser at the former sale shall be deemed to be renewed and continue in force, and no bid shall be taken, except for a greater amount. If the motion to confirm be not heard and decided at the term at which it is made, it may be continued, and heard and determined before the judge, or at any term thereafter. An order confirming a sale shall be a conclusive determination of the regularity of the proceedings concerning such sale as to all persons in any other action, suit, or proceeding whatever."

It is thus seen that upon a return of any sale of real estate it becomes the duty of the court to confirm, *unless objections* have *been filed*, and *in any event*, unless it shall appear "that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting." In other words, in this state the court in confirming or passing upon the return of sale of real estate sold pursuant to a decree of foreclosure possesses just such powers as it possesses in the case of an execution sale, and the effect of the order of confirmation is to conclusively establish the regularity of the proceedings concerning such sale. It follows, therefore, that under our practice a foreclosure sale is not, strictly speaking, a judicial sale, and in so far as confirmation is required the proceedings partake more of the nature of ministerial proceedings.

Such being the character of foreclosure sales under our law, the question we are required to answer is answered by the statute itself. Section 519, 2 Hill, sets all doubt at rest, and leaves no room for construction. That section provides that:

" The purchaser from the day of sale *until a resale* or redemption, and the redemptioner from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed . . . or the value of the use and occupation thereof during the same period."

What is meant by the language, "The purchaser from the day of *sale* until a resale"? If confirmed, there is no *resale*, hence sale under this statute means the knocking down of the property by the sheriff, and entitles the purchaser to possession. The language of this section admits of no other interpretation, and is in harmony with the other provisions above noticed relating to sales and their confirmation.

Counsel for respondent cites the case of *Debenture Corporation v. Warren*, 9 Wash. 312 (37 Pac. 451), in support of his position. The contentions in that case were that the title did not pass *until the expiration of the time for redemption, and that section 519, supra, was not applicable to sales under mortgage foreclosures*. Both of these contentions were decided in the negative. In that case there had been both a sale and confirmation of it before the writ of assistance was sought. The language of the opinion must be considered in the light of the facts then under consideration, and the judgment reached was in harmony with the views herein set forth.

Our conclusion is that the purchaser at a sale of real estate in this state, whether upon execution or foreclosure, becomes entitled to the possession of the premises sold from

the time of the acceptance of his bid by the sheriff.   The order and judgment appealed from must be reversed.  .

DUNBAR and ANDERS, JJ., concur.  ·