[No. 4671. Decided August 6, 1903.]

PHILADELPHIA MORTGAGE AND TRUST COMPANY, *Appellant,* v. V. E. PALMER *et al., Respondents.*

APPEAL — NOTICE — SUFFICIENCY — DESIGNATION OF RESPONDENTS.

The taking of an appeal not being the commencement of a new action, but a subsequent proceeding in the original action, a notice of appeal, directed to one of the respondents by name and referring to the others under the designation *et al.,* and served upon the attorneys for such parties, is sufficient to give the supreme court jurisdiction.

ADVERSE POSSESSION — TITLE ACQUIRED BY PAYMENT OF TAXES — OCCUPIED AND UNOCCUPIED LAND.

Under Bal. Code, § 5503, vesting title in one who shall continue in actual, open and notorious possession of lands under color of title for a period of seven years, during which time he has paid the taxes thereon, and under Id., § 5504, declaring title in one who, having color of title to vacant and unoccupied land, pays the taxes thereon for seven years, the payment of taxes on land for seven years by one having color of title would vest him with the legal title, although part of such seven years he had been in actual possession, and the balance of the period had allowed the land to lie vacant and unoccupied.

SAME — COLOR OF TITLE — SHERIFF'S CERTIFICATE.

Color of title, within the purview of Bal. Code, §§ 5503, 5504, takes its inception from the date of the sheriff's sale of realty, even though it may be invalid, and not from the date of the execution of his deed pursuant to such sale.

Appeal from Superior Court, King County.—Hon. GEORGE MEADE EMORY, Judge. Reversed.

*Smith & Cole,* for appellant.

*Robert H. Lindsay* and *V. E. Palmer,* for respondents:

A certificate of sale is not claim and color of title. No instrument is sufficient under this statute unless it actually purports to convey the title to a party therein named as

grantee.   This a certificate of sale does not purport to do. It merely indicates that the party has a conditional right to have the title conveyed at a later date.   That conditional right may be defeated before the day upon failure of the condition.   *Coleman v. Billings,* 89 Ill. 185; *Bride v. Watt,* 23 Ill. 507; *Converse v. Calumet River Ry. Co.,* 195 Ill. 204 (62 N. E. 887).

The opinion of the court was delivered by

FULLERTON, C. J.—This is an action of ejectment brought under § 5500 of the Code (Ballinger's), in which the appellant, who was plaintiff below, seeks to recover the possession of and quiet its title to certain real property situated in the city of Seattle.   The respondents, for answer, set up title in themselves, and prayed judgment that their title be declared superior to that of the appellant.   Judgment went for the respondents, and this appeal is taken therefrom.

The respondents moved to dismiss the appeal.   This motion was made subsequent to the time the cause was assigned for hearing on the calendar, and after the respondents had appeared and argued the case upon its merits, orally and by brief, without suggesting the defect now thought to be fatal to the appeal, although the same appeared then upon the face of the record, and prior thereto had been drawn to the attention of counsel.   Under these circumstances the court would not notice any defect or irregularity in the proceedings, even though so gross as to warrant a dismissal under ordinary conditions; but, as counsel insist that the defect here is one going to the jurisdiction of the court, we will notice it for a moment.   The contention of want of jurisdiction is based upon the further contention that all of the parties defendant in the action are not made parties to the appeal.   The parties defendant

are Victor E. Palmer and Carrie D. Palmer, his wife, and
J. B. Combs and Persis M. Combs, his wife. The notice
of appeal as it appears in the record is as follows:

"In the Superior Court of King County, State of
Washington.

Philadelphia Mortgage & Trust Company, a Corporation,
Plaintiff,          vs.
Victor E. Palmer et al., Defendants.

No. 36,426. Notice of Appeal.

To the defendants and to their attorneys, R. H. Lindsay
and Victor E. Palmer:

Take notice that the plaintiff herein appeals to the su-
preme court of the state of Washington, from that certain
judgment rendered in this cause on the 10th day of March,
1903, and from the findings of fact and conclusions of law
rendered herein, and from the refusal of the court to make
the findings of fact and conclusions of law hereinbefore
proposed by plaintiff; which appeal is from each and every
part of said judgment.

Philadelphia Mortgage & Trust Company, a Corporation.
        · By Smith & Cole, Its Attorneys.

Due service of the foregoing notice of appeal and the re-
ceipt of a copy thereof is hereby admitted this 11th day of
March, 1903.

           V. E. Palmer & R. H. Lindsay,
Filed Mar. 12, 1903.      Attorneys for Defendants.
C. A. Koepfli, Clerk."

It is argued that a notice of appeal is in the nature of an
original process by which the parties against whom the ap-
peal is taken are brought before the appellate court; that
it cannot be waived; that it must be directed to all the de-
fendants by name whom it is necessary to make respond-
ents, and that no abbreviated reference, direct or indirect,
is sufficient to bring such parties into the court; and hence
this notice of appeal is fatally defective because it refers
to the defendants, other than Victor E. Palmer, if refer-
ence is made to them at all, by the "indefinite designation,

'et al.' " A writ of error at common law, being a command from a superior to an inferior court of record commanding the inferior court, in some cases itself to examine the record, in others, to send it to the superior court to be examined, that some alleged error might be corrected, was the commencement of a new action, and hence the application for the writ and the writ itself had to point out clearly not only the cause in which the error lay which was sought to be corrected, but the parties thereto, that they might be summoned to appear in the reviewing court. But the statutory writ of error or appeal which is sued out as a matter of right in the court rendering the judgment on which the error is predicated is in no sense the commencement of a new proceeding or action, but is a mere continuation of the pending proceeding or action, being its transfer from a lower to a higher court for further proceedings. This view of the statutory writ of error in force in the late Territory of Washington, which was but a form of appeal, was taken by the territorial supreme court. In *Montgomery v. Manning,* 1 Wash. T. 434, the defendant in error moved to dismiss because the Christian names of the parties had not been set out in the praecipe and the notice and return of service thereon. The court held, however, that under the Code the taking of a writ of error is not the beginning of a new suit, but a subsequent proceeding in the original action, and that a description of the parties conforming to that given in the court below is sufficient. To the same effect is *Garrison v. Cheeney,* 1 Wash. T. 489. In *Smalley v. Laugenour,* 30 Wash. 307 (70 Pac. 786), this court said that to appeal is not to institute an original proceeding; and to the same effect are the following cases from other jurisdictions: *Macklin v. Allenberg,* 100 Mo. 337 (13 S. W. 350) ; *Connor v. Connor,* 4 Colo. 74; *Webster v. Gaff,* 6 Colo. 475 ; *Miller v. Shall,* 67 Barb. 446 ; *Shuler v. Max-*

*well,* 38 Hun, 240.  See, also, 2 Cyc. 510, 518.  If to appeal is not to institute a new proceeding, a notice of appeal cannot be an original process by which parties are brought into court, but is a notice merely by which the parties who are already in court are notified of subsequent and further proceedings in the cause therein pending.  True, the statute prescribes how such notice may be given, and is so far mandatory that the prescribed method must be followed in order to effect the appeal; that is to say, to effect the appeal the notice must be given orally at the time the judgment or order appealed from is rendered, or given by serving a written notice on the prevailing party within a certain time thereafter; but this is as far as the statutory mandate goes. It does not prescribe the form of the written notice, nor does it make it imperative that the prevailing parties be described in any particular manner.  Why, then, is not the notice in question sufficient?  Notwithstanding it omits to name certain of the defendants, it designates with certainty the judgment appealed from, not only by the title it does use, but by giving the number the cause bore in the trial court.  It is directed to the defendants and their attorneys, mentioning the attorneys by name.  It bears the acknowledgment of these attorneys, who have subscribed themselves as attorneys for the defendants, showing that they understood that all of the defendants in the action were meant to be referred to and to be served by the service on them of the appeal notice.  No one, therefore, has been misled by the omission to insert the names of certain defendants in the notice.  It is clear that it was intended to make all of them parties to the appeal, and they have all been served with notice in the same way they would have been served had they been named specifically.  As these defendants are the only persons affected by the appeal who are entitled to notice, it can be but a mere sacrifice of sub-

stance to form to say that the omissions complained of rendered the notice and service nugatory. We think the notice sufficient, and that the motion to dismiss should be denied.

The appellant in its complaint set up two sources of title: First, a mortgage from the common grantors of itself and the defendants, one Frank N. Wilcox and wife, a subsequent foreclosure of the mortgage, a sale of the property thereunder, and its purchase of the property at the sale; and, second, possession of the premises under claim and color of title made in good faith for seven successive years, during which time it paid all taxes legally assessed on the lands. The respondents for answer denied the validity of the mortgage foreclosure proceedings, and denied the possession as alleged. For an affirmative defense they set up title in themselves by virtue of certain deeds subsequent in time to the appellant's mortgage, but which conveyed to them the legal title subject to that mortgage. For reply the appellant set out facts tending to show an estoppel on the part of the respondents to deny the validity of the appellant's title. The trial court found against the appellant on all of the issues, and error is predicated on each of the findings, but we have found it necessary to discuss those relative only to the second source of title set out in the complaint.

From the record it appears that the premises were sold by the sheriff under the order of sale based on the decree of foreclosure on May 10, 1895. A certificate of sale was issued to the appellant at that time, and a deed to the premises executed one year later. The appellant entered into possession immediately after the sale, and continued in the actual possession of the property by its tenant until May 26, 1896, at which time the house on the premises burned, leaving the land vacant, and from that time until July 10, 1902, when the respondents entered, no actual possession

was had of the premises by any one, further than that the appellant's agents visited it occasionally for the purpose of showing it to prospective purchasers, and during the years 1900, 1901 and 1902, for the principal part of the time, maintained signs on the premises announcing that the same were for sale. During all of this time the appellant paid the taxes assessed on the land—the street grade assessments as well as the municipal. The Code (§§ 5503, 5504, Ballinger's) provides:

"Every person in actual, open and notorious possession of lands or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, devise or descent, before said seven years shall have expired, and who shall continue such possession and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section.

"Every person having color of title made in good faith to vacant and unoccupied land, who shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land to the extent and according to the purport of his or her paper title. All persons holding under such taxpayer, by purchase, devise or descent, before said seven years shall have expired, and who shall continue to pay the taxes as aforesaid, so as to complete the payment of said taxes for the term aforesaid, shall be entitled to the benefit of this section: Provided, however, If any person having a better paper title to said vacant and unoccupied land shall, during the said term of seven years, pay the taxes as assessed on said land for any one or more years of said term of seven years, then and

in that case such taxpayer, his heirs or assigns, shall not be entitled to the benefit of this section."

Conceding that the appellant had claim and color of title made in good faith, it is plain that, had its actual possession continued during the period which intervened between the sale and the entry of the respondents, it would have had title by virtue of the first section of the statute above quoted. It is equally plain that had it never entered into possession of the land, but had left it vacant and unoccupied during the same period, it would have had title by virtue of the second section. But it is said that, because it did not occupy it for the entire time nor leave it vacant for the entire time, it can claim under neither section, and hence the statute will not aid the appellant's title. It seems to us, however, that this is a too narrow construction of the statute. Clearly the intent of the legislature was to confer the legal title to land upon a person who had claim and color of title thereto made in good faith, and who paid the taxes assessed thereon for seven consecutive years, whether such person was in or out of possession; provided, of course, that the land remained vacant while such person was out of possession, and no one else having a better paper title paid taxes thereon. If this be not so, any interruption of a possession no matter for what cause and for however short a time, would stop the running of the statute. So, likewise, would an entrance on vacant land, if made for the purpose of exercising dominion over it, stop the running of the statute. A party in possession could not quit it for a single instant, and one out of possession could not enter for a single instant, without losing all benefit of the statute. This is not the meaning of the statute. It is enough if the period during which he is in possession, added to the period during which he is out of possession, equals seven years.

It is said, however, that plaintiff's color of title arose, not from the sheriff's sale and the certificate of sale thereunder, but from the execution of the sheriff's deed pursuant to the sale, which was less than seven years prior to the respondent's entry. This court, in construing the statute in force at the time the sale in question was made, has uniformly held that it vested in the purchaser the right to the possession of the land sold against the claim of the owner and every other person except one holding under an unexpired lease from the time of the sale until redemption. While the court has had some difficulty in its attempts to define the status of such a purchaser with relation to the title to the land purchased, it construed the statutes as giving him all the benefits of ownership, even holding that he was not required to account for the rents and profits received between the time of sale and the subsequent redemption of the property therefrom by the original owner. *Debenture Corporation v. Warren,* 9 Wash. 312 (37 Pac. 451); *Hardy v. Herriott,* 11 Wash. 460 (39 Pac. 958); *Knipe v. Austin,* 13 Wash. 189 (43 Pac. 25); *Hays v. Merchants' National Bank,* 14 Wash. 192 (44 Pac. 137); *State ex rel. Steele v. Northwestern & P. H. Bank,* 18 Wash. 118 (50 Pac. 1023); *Diamond v. Turner,* 11 Wash. 192 (39 Pac. 379). In the last case cited it was held no objection to the validity of a sheriff's deed that the judgment debtor in whose name it was issued had died between the time of sale and the execution of the deed by the sheriff, the court saying:

"The other [objection] is that the deed executed in pursuance of the sale was void for the reason that it was executed in the name of a dead man. It is no doubt true that a deed so executed could have no force whatever, but it does not follow that no title was acquired by the purchaser at the execution sale. The certificate of purchase

and confirmation of sale were alone essential to pass the substantial title of the defendant in the execution to the purchaser at the sale. The execution of the deed after the time for redemption had expired was a purely ministerial act on the part of the officer, and could have been compelled by the purchaser, or those claiming under him, at any time in a proper proceeding for that purpose."

A proceeding which, if valid, will give to an execution purchaser of land a substantial title, as well as all the rights and privileges which follow title, ought, when invalid, if pursued in good faith under a belief and claim of right, to give color of title sufficient to start in motion the statute of limitations; and in the case before us we are constrained to hold that the sheriff's sale conferred on the appellant such color of title as to enable it to claim the benefit of the statute involved here.

It follows that the judgment appealed from must be reversed, and the cause remanded with instructions to enter a judgment for the appellant in accordance with the prayer of its complaint, and it is so ordered.

HADLEY, ANDERS, MOUNT and DUNBAR, JJ., concur.