[No. 7413. Decided November 7, 1908.]

JIMERSON HAMILTON et al., Appellants, v. HARRIET P. WITNER et al., Respondents.[1]

ADVERSE POSSESSION—COLOR OF TITLE—VOID GUARDIAN'S DEED. An irregular or void guardian's deed in partition proceedings constitutes color of title, within the meaning of the seven-year statute of limitations, Bal. Code, § 5503, where land is held under color of title and payment of taxes.

COSTS—COPIES OF RECORDS—TRIAL ON AGREED FACTS. Costs may be allowed for certified copies of deeds and records necessarily prepared before the trial, although subsequently the case was submitted on an agreed statement of facts.

APPEAL—EXCEPTIONS—COSTS—REVIEW—MOTION TO RETAX—NECESSITY. Objection to judgment for costs against plaintiff's sureties on a cost bond, upon dismissal of an action of ejectment, may be first made on appeal without moving below to retax the costs, as no exceptions to a judgment are necessary.

APPEAL—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY. The jurisdiction of the supreme court on appeal from a judgment for costs on dismissal of an action of ejectment is not affected by the amount in controversy, as only actions for the recovery of money or personal property are controlled thereby.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered March 23, 1908, in favor of the defendants, upon an agreed statement of facts, dismissing on the merits an action of ejectment. Affirmed on plaintiff's appeal and reversed on the sureties' appeal.

F. C. Kapp and Elias A. Wright, for appellants, contended, among other things, that the order of sale was void

[1]Reported in 97 Pac. 1084.

44—50 WASH.

for want of jurisdiction. Code of 1881, §§ 1340, 1341, 1620; 21 Cyc. 122; *Stern v. Sill*, 39 Wash. 557, 81 Pac. 1007; *Glasgow v. McKinnon*, 79 Tex. 116, 14 S. W. 1050. The pretended order of sale would also be void for want of jurisdiction, for the reason that the minors were not properly before the court. 21 Cyc. 33; *In re Brien's Estate*, 11 N. Y. Supp. 522; *Smith v. Dudley*, 16 N. C. 354; *Lahiffe v. Hunter*, 1 Harp. (S. C.) 184; *Dormitzer v. German Sav. & Loan Society*, 23 Wash. 132, 62 Pac. 862; *Wallace v. Grant*, 27 Wash. 130, 67 Pac. 578; *Ball v. Clothier*, 34 Wash. 299, 75 Pac. 1099. The lack of jurisdiction appearing of record, the order may be attacked collaterally. *Johnson v. Hunter*, 147 Fed. 133; *Beatty v. Davenport*, 45 Wash. 555, 88 Pac. 1109; *Stark Brothers v. Royce*, 44 Wash. 287, 87 Pac. 340; *Kizer v. Caufield*, 17 Wash. 417, 49 Pac. 1064. The action was not barred by statute. *Hazelton v. Bogardus*, 8 Wash. 102, 35 Pac. 602; *Ball v. Clothier*, supra; *Moore v. Brown*, 11 How. 414, 13 L. Ed. 751; *Krutz v. Isaacs*, 25 Wash. 566, 66 Pac. 141. The defendant must be in possession under claim and color of title. *Wright v. Mattison*, 18 How. 50, 15 L. Ed. 280; *May v. Sutherlin*, 41 Wash. 609, 84 Pac. 585; *Moore v. Brown*, supra; *Coulter v. Stafford*, 56 Fed. 564; *Bullene v. Garrison*, 1 Wash. Ter. 587; *Territory v. Klee*, 1 Wash. 183, 23 Pac. 417; *Port Townsend v. Lewis*, 34 Wash. 413, 75 Pac. 982. The assertion of color of title must be made in good faith. *Towner v. Rodegeb*, 33 Wash. 153, 74 Pac. 50, 99 Am. St. 936; *Young v. Schofield*, 132 Mo. 650, 34 S. W. 497; *Wells v. Walker*, 29 Ga. 450; *Vattier v. Hinde*, 7 Pet. 252, 8 L. Ed. 675; *Sampeyreac v. United States*, 7 Pet. 222, 8 L. Ed. 665; *Dodge v. Briggs*, 27 Fed. 160; *Texas Lumber Mfg. Co. v. Branch*, 60 Fed. 201, 8 C. C. A. 562; *Lindblom v. Rocks*, 146 Fed. 660; *Brodack v. Morsbach*, 38 Wash. 72, 80 Pac. 275; *Bullock v. Wallace*, 47 Wash. 690, 92 Pac. 675.

*Frank Groundwater* and *W. H. Abel*, for respondents.

HADLEY, C. J.—This is an action in ejectment, brought by the appellant Hamilton against the defendants. The defendants moved for a bond for costs, which was given, with appellants Henderson and Harris as sureties thereon. The cause was tried upon an agreed statement of facts, the essential facts being as follows: On March 9, 1877, the plaintiff's father and mother resided in Thurston county, Washington Territory, and they were then the owners in fee simple, by title deducible of record from the United States, of certain real estate, situate in Chehalis county, Washington, described as the east half of the southeast quarter of section 33, and the west half of the southwest quarter of section 34, all in township 18, north, range 6 west of the Willamette Meridian. On said day, still owning the land as aforesaid, the plaintiff's father died intestate, leaving surviving him as his sole heirs at law his widow and three minor children of whom the plaintiff was one, he having been born May 18, 1876. Thereafter the estate of plaintiff's father was administered in the probate court of Thurston county, which court had full jurisdiction, and in the administration proceedings an order of distribution was made on the 24th day of April, 1882, whereby an undivided one-half of the aforesaid land was distributed to the widow and one-sixth to each of the three minor children. Some time prior to the decree of distribution, the widow and minor children moved from Thurston county, and established their residence upon the said land in Chehalis county, and continued to live there until dispossessed by one Axford as hereinafter stated.

Subsequent to the decree of distribution, certain proceedings were had in the probate court of Chehalis county, whereby the mother of the minor children was appointed their guardian. In the meantime the mother had remarried, and her appointment and qualification as guardian was under the name of Sarah J. Morton. As guardian she filed an inventory showing her three wards to be the owners of an undivided

one-half of this land. Thereafter the guardian petitioned the probate court for an order to sell the real estate of her wards. An order to show cause was made. The same came on for hearing at the time fixed by the court, and the guardian then appeared in person and moved "to vacate said petition," which motion was granted. On the same day the mother filed a petition in the probate court, asking a partition of the land. The paper was not entitled as in the guardianship proceedings, but was designated as "In the matter of the estate of Jimerson Hamilton, deceased." Thereafter such proceedings were had that the court appointed three persons to make partition and division of the land, and these reported that the division could not be justly made. Whereupon the court made an order in which it was recited that the petition for partition was filed "in the matter of the estate and guardianship of the minor children," and the guardian was ordered to sell the land. Notice of such sale was given by the guardian, as directed by the court, and the sale of this particular land was made by her as guardian to W. R. Axford, for the consideration of $800 cash. The sale was approved and affirmed by the court, and the guardian was ordered to execute a deed to the purchaser, which she did September 30, 1882. The purchaser Axford went into possession on the same day, and he and his grantees, including the defendants, have ever since been in the actual exclusive, open, notorious, and adverse possession, asserting title to the land in fee simple under said sale, and they have paid all taxes thereon from year to year as the same came due. They have treated the property as their own, cultivated the land, and have at all times since September, 1882, enjoyed all the income and profits arising therefrom.

From the above facts the court concluded that, at all times since September 30, 1882, the defendants or their grantors have been in the adverse possession of the land, claiming in good faith to be its owners, and that said possession at all times has been and still is under claim of right and color of

title deducible of record from the United States. Judgment was entered in favor of the defendants dismissing plaintiff's action, without right to further prosecute. Judgment for costs was also entered against the sureties upon the cost bond. The plaintiff and also the sureties have appealed.

This suit was commenced May 6, 1907, which was twelve days before the expiration of ten years following the date that the appellant attained his majority. It is therefore claimed that the action is not barred by the general ten-year statute of limitations, for the reason that it was brought within ten years from the time of the removal of the appellant's disability, in accordance with Bal. Code, § 4809 (P. C. § 293). We have, however, nothing to do with the ten-year statute, if respondents are entitled to the benefits of Bal. Code, § 5503 (P. C. § 1660). That section is as follows:

"Every person in actual, open and notorious possession of lands or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, devise or descent, before said seven years shall have expired, and who shall continue such possession and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section."

It is admitted by appellant that, if respondents' possession and that of their grantors has been and is under claim and color of title in good faith, then the judgment is right. It is, however, contended that the facts do not show the existence of color of title in favor of respondents and their grantors. It is argued that the court proceedings in Chehalis county show that the guardian's deed to respondents' grantor was void, and that it did not for that reason constitute color of title. The record, it is true, shows a rather singular admix-

ture of the guardianship and the partition proceedings, the
aid of the probate court having apparently been invoked
for the latter proceeding, if it was intended as such. The
court, however, declared in its order of sale that the so-called
partition petition was filed in the guardianship matter, and
the order of sale purports to have been made in that matter.
The probate court of Chehalis county has jurisdiction of the
subject-matter of the guardianship, with which matter we
think a fair interpretation of the record shows that the court
was all the time intending to deal. The proceedings were un-
doubtedly irregular, but respondents contend that the deed
was simply voidable and not void. Assuming appellant's
position, however, that the proceedings were such as to render
the deed a void one, still we think the decided weight of au-
thority is that, especially under such statutes as ours, § 5503,
*supra*, even a void deed constitutes color of title where pos-
session and claim of title are in good faith made under it,
coupled with the payment of taxes. Speaking generally upon
this subject of color of title, we find the following statement
in 1 Cyc. 1093:

"A deed executed under and by virtue of a judgment or
decree gives color of title, although such judgment or decree
is voidable or absolutely void. As a general rule, deeds ex-
ecuted in pursuance of a sale give color of title, although
the sale be irregular or void."

In support of the above statement citations are made re-
ferring to the decisions of twenty-two states, and also to de-
cisions of the United States supreme court and other Fed-
eral cases. With reference to the policy and reasons for this
rule the supreme court of the United States in *Pillow v.
Roberts*, 13 How. 472, 14 L. Ed. 228, said:

"Statutes of limitation are founded on sound policy. They
are statutes of repose and should not be evaded by a forced
construction. . . . Statutes of limitation would be of
little use if they protected those only who could otherwise show
an indefeasible title to the land. Hence color of title, even

under a void and worthless deed, has always been received as evidence that the person in possession claims for himself, and of course, adversely to all the world."

Judge Dillon gave expression to the same view in *Miller v. Sullivan*, 4 Dillon (U. S.) 340, as follows:

"This is a wise statute, doubly wise in a new country, for reasons which fully appear in this case. It would be robbed of its virtue if it was confined to cases where the sale was valid, for such sales do not need the protection of such a statute. 'They that are whole need no physician.' "

This court expressed the same view long ago and held that a void tax deed constitutes color of title as the basis for the running of the statute of limitations. *Ward v. Higgins*, 7 Wash. 617, 32 Pac. 740, 1015, 36 Pac. 285. It was there said:

"We are aware that there are cases holding that a void tax deed will not constitute a basis for the running of the statute of limitations. But we think such decisions overlook both the philosophy and the object of such statutes. Statutes of limitation are strictly statutes of repose, and the policy upon which they are founded is, that a reasonable lapse of time shall put an end to legal strife and controversy, and that he who neglects or refuses to assert his rights within such a time as the legislature may deem reasonable shall be conclusively presumed to have waived them. If it is necessary for one claiming the benefit and protection of the statute to first prove a perfect and indefeasible title, it is impossible to perceive for what purpose such statutes are enacted. A perfect title needs no extraneous aid, and if imperfect ones are not within the purview of the statute, then the law, in either case, is entirely ineffectual and useless, and might well be eliminated from the body of statutes."

The supreme court of the United States recognized such to be the rule in this state in its decision in *Dibble v. Bellingham Bay Land Co.*, 163 U. S. 63, 16 Sup. Ct. 939, 41 L. Ed. 72. In Illinois where a statute similar to our seven-year statute exists, it is held that where one pays the taxes for seven years and in good faith holds possession under even a void deed,

such deed becomes color of title. *Nelson v. Davidson,* 160 Ill. 254, 43 N. E. 361. The same rule was recognized in *Clayton v. Feig,* 179 Ill. 534, 54 N. E. 149, where it was held, however, that the defense failed for failure to prove clearly the payment of taxes. In *O'Keefe v. Behrens,* 73 Kan. 469, 85 Pac. 555, 8 L. R. A. (N. S.) 354, the defendant had been in possession for eight years under a void administrator's sale, and it was held that the void deed, together with possession, supported the running of the statute of limitations. An extensive foot note in 8 L. R. A. states that the weight of the authority is in accord with the above decision, and numerous citations are there collated all to the effect that a purchaser in possession for the statutory period will be protected, even though the proceeding leading up to the sale or the sale itself is void. In *Philadelphia Mortgage & Trust Co. v. Palmer,* 32 Wash. 455, 73 Pac. 501, it was held that an invalid or void sheriff's deed, when possession was taken and title was in good faith asserted thereunder, gave color of title sufficient to start in motion the statute of limitations.

In view of the foregoing authorities, it must be held here that the guardian's deed in the case at bar, even though it may have been void, became color of title within the meaning of our statute. Possession was taken under it in good faith under a claim of right and of title, and that possession was maintained and the taxes paid by respondents and their grantors from year to year continuously for about twenty-five years before this suit was brought. This constituted ownership in respondents under § 5503, *supra,* to the extent and according to the purport of their paper title. Their paper title purports to be a fee simple one, and their ownership is accordingly.

Appellants urge that the court erred in denying their motion to retax certain costs. In preparing for the trial, respondents obtained certified copies of deeds and other records to be used in evidence. Before the trial, however, a stipulation was made as to the facts, the facts shown by the copies

being embodied in the stipulation. We think, under such circumstances, respondents are entitled to recover the costs of such copies. It was necessary for them to prepare in a timely way for trial, and the fact that an ante-trial agreement as to the facts was afterwards reached did not avoid the necessity for the expenditure at the time it was made, in the exercise of proper diligence.

Appellants Henderson and Harris have appealed for the reason that judgment for costs was entered against them as sureties on the cost bond. Respondents concede that this was error, but maintain that the question cannot be raised here for the reason that it was not raised below by motion to retax, and for the further reason that the amount is below $200. The question did not arise until the entry of judgment, and under Bal. Code, § 5051 (P. C. § 668), it is not necessary to except to the judgment itself. See, also, *Woodhurst v. Cramer*, 29 Wash. 40, 69 Pac. 501. With reference to the amount involved, we think the $200 limitation does not govern here. This is not an action at law for the recovery of money or personal property where the original amount in controversy or the value of the property does not exceed $200. The judgment for costs against the sureties being admittedly wrong, must therefore be reversed, and the appellants Henderson and Harris are entitled to recover their necessary costs on the appeal. The judgment against appellant Hamilton is in all respects affirmed.

RUDKIN, MOUNT, DUNBAR, and CROW, JJ., concur.

FULLERTON and ROOT, JJ., took no part.