[No. 9958. Department Two. February 24, 1912.]

MARY M. MILLER AND SONS, *Respondent*, v.
ALFRED J. SIMMONS *et al.*, *Appellants*.[1]

ADVERSE POSSESSION—COLOR OF TITLE—VOID ADMINISTRATOR'S DEED. Actual possession under an administrator's deed for twenty-seven years is sufficient to bar an action by heirs to quiet title, brought when the youngest heir was 38 years of age, and regardless of the validity of the deed, as the deed, if void, was color of title.

CORPORATIONS — ACTIONS — CONDITIONS PRECEDENT — PAYMENT OF LICENSE—PROOF. Rem. & Bal. Code, § 3715, providing that the certificate of the secretary of state shall be *prima facie* evidence of the payment of annual license fees, made a condition precedent to an action by a corporation, does not make the certificate the only competent proof, and the payment may be established by the evidence of the officer making the same.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered April 26, 1911, upon findings in favor of the plaintiff, in an action to quiet title. Affirmed.

*P. P. Carroll* and *J. E. Carroll*, for appellants.

*Tucker & Hyland*, for respondent.

MORRIS, J.—Respondent is a corporation, and brought this action to quiet its title to lands in Kitsap county, and to enjoin appellants from cutting timber and committing other acts of trespass thereon. Appellants answered, denying title in respondent and asserting title in themselves as heirs of Charles L. Simmons and Louisa D. Simmons, father and mother of appellants, in whom it is alleged the title to these lands rested at the time of their respective deaths, prior to September 2, 1879, and attacking the validity of the probate proceedings in the estate of Charles L. Simmons, through which respondent claimed title. Respondent made reply to the affirmative defenses set up in the answer, pleading as *res adjudicata* a judgment in an action between the same parties,

[1]Reported in 121 Pac. 462.

upon the same issues, in which respondent's title was quieted to lands in Chehalis county; adverse possession, laches, and various statutes of limitations.    It also asserted the regularity and validity of the probate proceedings in the estate of Charles L. Simmons.    The lower court sustained all of respondent's contentions, and this appeal is taken from its decree.

The conclusion we have reached renders it unnecessary to refer to all the facts questioned by appellants, since they play but little part in the determination of this appeal.    In a general way, the history of the case is this:    Charles L. Simmons, a white man, was possessed of these lands, for many years prior to his death, intestate, September 2, 1879. Louisa D. Simmons was a full-blooded Indian woman, who died intestate June 15, 1876.    The record is silent as to the relation of these parties, other than that they lived together as husband and wife.    On June 10, 1875, Charles L. Simmons executed a mortgage on the Kitsap county lands to W. W. Miller for $450, which mortgage and the note thereby secured were wholly unpaid at the time of Charles L. Simmons' death.    Upon said death, William D. Baker was appointed administrator of the estate, and qualified as such. Mary M. Miller, having become the owner of this note and mortgage by assignment, presented her claim to Baker as administrator, and the same was allowed and approved.    The personal property being insufficient to pay debts, application was made for a sale of real property, and on June 14, 1880, an order of sale was entered in the probate proceedings, and on November 1, 1881, upon due notice, the land was sold and Mary M. Miller became the purchaser.    The sale was confirmed January 22, 1883, and on March 31, 1883, the administrator made his deed and delivered the same to Mary M. Miller, and the same was subsequently placed of record.

At the time the probate court made its order of sale, a guardian *ad litem* was appointed for these appellants.

Mary M. Miller took actual possession of the land in 1887, and so remained until October 24, 1894, when she passed the title to respondent, and said possession has since been maintained by it; respondent and its grantor, Mary M. Miller, having paid all taxes assessed against the property up to the time of the commencement of this suit. It is apparent that these facts in law are a sufficient answer to any contention of appellants as to the insufficiency or invalidity of the probate proceedings. The deed from the administrator to Mary M. Miller was given in 1883. It is not attacked until the commencement of this action in 1910, the youngest of the appellants then being thirty-eight years of age. Twenty-seven years would put in full operation every statute of limitations affecting actions of this character, irrespective of the character and effect of the administrator's deed; as it has been the universal holding of this court that a void deed is color of title, starting the running of the statute of limitations. *Ward v. Huggins,* 7 Wash. 617, 32 Pac. 740, 1015, 36 Pac. 285; *Philadelphia Mortgage & Trust Co. v. Palmer,* 32 Wash. 455, 73 Pac. 501; *Hamilton v. Witner,* 50 Wash. 689, 97 Pac. 1084, 126 Am. St. 921; *Lara v. Sandell,* 52 Wash. 53, 100 Pac. 166; *Huber v. Brown,* 57 Wash. 654, 107 Pac. 850; *Baylis v. Kerrick,* 64 Wash. 410, 116 Pac. 1082; *Fish v. Fear,* 64 Wash. 414, 116 Pac. 1083; *Dibble v. Bellingham Bay Land Co.,* 163 U. S. 63.

This ruling being controlling upon the rights of the parties, no further attention need be paid to the numerous assignments of error, save one, in which respondent's capacity to maintain this action is questioned. Rem. & Bal. Code, § 3715, provides that no corporation shall be permitted to commence or maintain any action in the courts of this state, without alleging and proving the payment of its annual license fee last due, and that a certificate of such payment under the seal of the secretary of state shall be *prima facie* evidence of such payment. In its complaint respondent alleged the payment of its license fee for the current year. Upon the trial, the

secretary and manager of respondent testified that its license fees had all been paid. Counsel for appellants contends the payment could only be proved by the production of a certificate from the secretary of state. There is no merit in such a contention. The provision of the statute that the certificate of the secretary of state shall be *prima facie* proof cannot be construed to mean that such certificate is the only competent proof. Such a payment, like any other payment, may be established by direct evidence of the person making the payment. It is to be further noted that the paragraph of the complaint alleging such payment is not denied in the answer. It was therefore not an issuable fact in the case requiring proof. *Rothchild Bros. v. Mahoney*, 51 Wash. 633, 99 Pac. 1031.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and ELLIS, JJ., concur.