[No. 10364.    Department Two.    July 18, 1912.]

HOKO RIVER BOOM COMPANY, *Appellant*, v.
ALSTON FAIRSERVICE *et al., Respondents*.[1]

ADVERSE POSSESSION—COLOR OF TITLE—VOID DEED.    A void deed
is color of title starting the running of the statute of limitations.

LIMITATION OF ACTIONS—STATUTES—PROVISO—EFFECT ON PREEXIST-
ING CAUSES—CONSTRUCTION—CANCELLATION OF TAX DEED.    Where,
prior to the passage of an act, the shortest period of limitation for
the commencement of an action to set aside a tax deed and recover
lands sold for taxes was seven years, and the act was passed limit-
ing such actions to three years, "provided, this act shall not apply
to actions not otherwise barred on deeds heretofore issued if the
same be commenced within one year after the passage of the act,"
actions on all deeds issued prior to the passage of the act are barred
unless commenced within one year after the passage of the act.

Appeal from a judgment of the superior court for Clallam
county, Still, J., entered February 15, 1912, dismissing an
action to cancel a tax deed, upon sustaining an objection to
the introduction of any evidence.    Affirmed.

*Trumbull & Trumbull, Peters & Powell*, and *Marion Ed-
wards*, for appellant.

*William B. Ritchie* and *Fletcher & Evans*, for respondents.

MORRIS, J.—This appeal involves the construction of the
act of 1907, providing a limitation upon the commencement
of actions to set aside or cancel deeds issued for lands sold
for delinquent taxes.    The judgment is based upon the sus-
taining of an objection to the introduction of evidence, made
at the commencement of the trial; and while a number of in-
teresting questions are discussed in the briefs as to the proper
rules of law applicable to the facts alleged in the amended
complaint, the whole case hinges upon whether the action is
within the time provided for under the act of 1907.    If it is

[1]Reported in 125 Pac. 145.

not, even though we should conclude, as contended by appellant, that the deed was void for any of the reasons suggested on this appeal, it would avail nothing; since we have a settled rule in this state that even a void deed is color of title, starting the running of the statute of limitations. *Miller & Sons v. Simmons*, 67 Wash. 294, 121 Pac. 462.

The act in question provides that all actions to set aside or cancel deeds issued for taxes, or actions brought for the recovery of lands sold for delinquent taxes, must be brought within three years from the date of the deed; "Provided, this act shall not apply to actions not otherwise barred on deeds heretofore issued if the same be commenced within one year after the passage of this act." The deed in this case was issued October 27, 1906. The statute became operative March 15, 1907, and this action was commenced October 26, 1909, within three years after the deed was issued, but more than one year after the statute became effective. Appellant contends that, inasmuch as it brought action within three years from the date of the deed, it is within time, as it was not intended by this act to cut off any right of action short of three years from the date it accrued. While respondent asserts that the deed, having been issued prior to the passage of the act, is subject to the one-year limitation named in the proviso. The latter seems to us to be the true and plain meaning of the law. It is evident that the law refers to two classes of deeds: (1) deeds issued subsequent to March 15, 1907; (2) deeds issued prior to that date. As to the first class, the limitation is three years from the day the deed is issued. The second class finds a limitation fixed at one year from the passage of the act. All deeds "not otherwise barred" must fall within one of these two classes, according to the date of issuance; and having found the class to which any deed belongs, the language fixing the limitation of action is plain.

Prior to the passage of this act the shortest limitation barring an action upon a tax deed was seven years. The

legislature did not wish to take away the right of action then existing against such deeds as were still within this seven-year limitation; neither was it desired to continue the old statute for the purpose of saving a right of action against any deed not yet barred. All such deeds were grouped in the second class, and the right of action thereon limited to one year from the passage of the act. This would extend the old limitation period to some of these deeds and shorten it as to others. But it would at the same time make a uniform class as to the right of action. This was the evident purpose of the proviso, and the only way this uniformity could be obtained. There could be no objection to the extension of the right of action as to those deeds against which the old statute had all but run. Neither could there be any valid objection in law to shortening the time as to those deeds issued just prior to the passage of the new statute, and which had approximately seven years to run before reaching the bar of the statute. The legislature has the same right to shorten an existing limitation as it has to create a new one, so long as it provides for a reasonable time in which actions might be brought before the new bar becomes effective. It would hardly be contended that one year as fixed in this act was not a reasonable time. To hold that the three-year period first fixed by this act applies to all deeds issued within three years prior to the passage of the act as contended by appellant, is to read into the statute something not there, and overlook the plain intendment in the use of the word "heretofore" in the proviso. "Deeds heretofore issued" means all deeds heretofore issued, whether issued one day before or seven years before. "Actions not otherwise barred," would apply to any deed not fully seven years old March 15, 1907. But whether one day old or lacking one day of the full seven years, they were all classed together as "deeds heretofore issued" and against which actions were then "not otherwise barred." In McKean v. Archer, 52 Fed. 791, the court construed a statute of limitations reading as follows:

"The following actions shall be commenced within the period herein prescribed after the cause of action has accrued and not afterwards . . . Fifth. Upon promissory notes, bills of exchange, and other written contracts for the payment of money, hereafter executed, within ten years; provided, that all such contracts as have been heretofore executed may be enforced, under this act, within such time only as they have to run before being barred under the existing law limiting the commencement of actions, and not afterwards."

Held, the main part of the section applied to contracts executed after the enactment of the statute, and all contracts executed prior to that time should be governed by the terms of the proviso. The dividing line is no plainer in the Indiana statute there construed than it is in our statute. In each it is the day upon which the new law became effective. In *Huber v. Brown*, 57 Wash. 654, 107 Pac. 850, the action was brought to vacate a tax judgment and set aside a tax deed executed September 17, 1904. The action was commenced December 26, 1908, four years and three months after the execution of the deed, and more than one year after the enactment of the 1907 statute of limitation, and it was held that the action could not be maintained; that even though the tax deed was void because based upon a void judgment, it constituted a sufficient basis for the running of the statute; and not having been commenced within one year after the statute became effective, the action could not be maintained.

In *Cordiner v. Dear*, 55 Wash. 479, 104 Pac. 780, we were called upon to determine when this statute went into effect, and referring to different interpretations to which the limitation might be subjected, held that, in either event, as applied to that case, the limitation as to the right of action would be sufficient, since in the one case it would be nine months and in the other one year, and either would be a sufficient and reasonable time. Neither of these cases from this court is strictly authoritative here, as the real point at issue, which was determinative of the appeal, did not involve the point

here submitted; although it is apparent that in the *Huber* case the court was of the opinion that an action upon a deed issued prior to the passage of this act must be brought within one year.

Believing that this action is barred, in that it was not brought within one year subsequent to the time when the act of 1907 became effective, we sustain the ruling of the court below, and the judgment is affirmed.

MOUNT, FULLERTON, and GOSE, JJ., concur.

ELLIS, J., took no part.