[No. 5261. Decided March 30, 1905.]

OLE N. OLSON, *Appellant*, v. HENRY HOWARD *et al.*, *Respondents*.[1]

ADVERSE POSSESSION—ACTUAL—PART OF TRACT—RESIDENCE— POSSESSION OF WHOLE. Where one takes possession of a tract of land purchased, he takes possession of the tract as a whole, and he holds actual possession of a block forming a part thereof where he exercises dominion and control over it, although he does not reside upon that part of it.

SAME—COLOR OF TITLE—FORECLOSURE SALE. A sheriff's certificate of sale under a mortgage foreclosure is color of title within Bal. Code, § 5503, providing for title by adverse possession and payment of taxes for seven years under color of title and claim made in good faith.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered January 5, 1904, upon find-

[1]Reported in 80 Pac. 170.

ings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*B. M. Branford* and *W. L. Husbands,* for appellant, contended, among other things, that a sheriff's certificate of sale does not constitute color of title, and title does not pass until the deed is executed. *Singly v. Warren,* 18 Wash. 434, 51 Pac. 1066, 63 Am. St. 896; *Hays v. Merchants' Nat. Bank,* 14 Wash. 192, 44 Pac. 137; *Reynolds v. Harris,* 14 Cal. 668, 76 Am. Dec. 459; *Roberts v. Clelland,* 82 Ill. 538; *Turner v. Sawyer,* 150 U. S. 578, 14 Sup. Ct. 192; *Wright v. Mattison,* 18 How. 50; *Veal v. Robinson,* 70 Ga. 809; *Packard v. Moss,* 68 Cal. 123, 8 Pac. 818; *Power v. Kitching,* 10 N. D. 254, 86 N. W. 737, 88 Am. St. 691; *Osterman v. Baldwin,* 6 Wall. 116. The certificate does not purport to convey title. Washburn, Real Property (5th ed.), p. 167; Hurd's Illinois Rev. St., 1899, § 6, ch. 83, p. 1118; *Nelson v. Davidson,* 160 Ill. 254, 43 N. E. 361, 52 Am. St. 338; *Harrell v. Enterprise Sav. Bank,* 183 Ill. 538, 56 N. E. 63; *Bride v. Watt,* 23 Ill. 507; *Rigor v. Frye,* 62 Ill. 507; *Dickenson v. Breeden,* 30 Ill. 279; *Spellman v. Curtenius,* 12 Ill. 409; *Hardin v. Crate,* 78 Ill. 533; *Hinckley v. Greene,* 52 Ill. 223; *Lightcap v. Bradley,* 186 Ill. 510, 58 N. E. 221; *Converse v. Calumet River R. Co.,* 195 Ill. 204, 62 N. E. 887. Our statute was adopted from Illinois with the construction of the courts of that state. *Stadler v. First Nat. Bank,* 22 Mont. 190, 74 Am. St. 582; *Laporte v. Gamewell Fire Alarm Tel. Co.,* 146 Ind. 466, 45 N. E. 588, 58 Am. St. 359; *Rouse, Hazard & Co. v. Donovan,* 104 Mich. 234, 62 N. W. 359, 53 Am. St. 457. A mortgagee, purchasing at a void foreclosure sale, is not a *bona fide* purchaser in good faith. *Scott v. McGraw,* 3 Wash. 675, 29 Pac. 260; *Elwood v. Stewart,* 5 Wash. 736, 32

Pac. 735, 1000; *McEachern v. Brackett,* 8 Wash. 652, 36
Pac. 690, 40 Am. St. 922; *Benney v. Clein,* 15 Wash.
581, 46 Pac. 1037; *Hacker v. White,* 22 Wash. 415, 60
Pac. 1114, 79 Am. St. 945; *Riley v. Martinelli,* 97 Cal.
575, 32 Pac. 579, 33 Am. St. 209; *Pugh v. Highley,* 152
Ind. 252, 53 N. E. 171, 71 Am. St. 327; *Newman v.
Davis,* 24 Fed. 609; *McAdow v. Black,* 4 Mont. 475. He
therefore cannot claim under the seven year statute under
color of title and claim made in good faith. *Harding v.
Gouveneur,* 69 Ill. 140. The following cases are the same
in principle: *Singly v. Warren, supra; Smith v. Huntoon,*
134 Ill. 24, 24 N. E. 97, 23 Am. St. 646; *Boos v. Mor-
gan,* 130 Ind. 305, 30 N. E. 141, 30 Am. St. 237; *Stroud
v. Casey,* 25 Tex. 740. This block being platted and va-
cant land, actual possession of the balance did not extend
to it. *Hicklin v. McClear,* 18 Ore. 126, 22 Pac. 1057;
*Faison v. Primm* (Tex. Civ. App.), 34 S. W. 834; *Adams
v. Clapp,* 87 Me. 316, 32 Atl. 911; *Scott v. Cain,* 90 Ga.
34, 15 S. E. 816; *Scott v. Elkins,* 83 N. C. 424; *Mann v.
Cavanaugh,* 110 Ky. 776, 62 S. W. 854.

*Crow & Williams,* for respondents, contended, among
other things, that the presumption of law is that the
claim and color of title was made in good faith. *Brooks
v. Bruyn,* 35 Ill. 392. Constructive notice of a defect in
title is not sufficient to show bad faith. 1 Am. & Eng.
Ency. Law (2d ed.), 869; *Simons v. Drake,* 179 Ill. 62,
53 N. E. 574; *Lee v. O'Quin,* 103 Ga. 355, 30 S. E. 356;
*Wilson v. Atkinson,* 77 Cal. 485, 20 Pac. 66, 11 Am. St.
299; *Clapp v. Bromagham,* 9 Cow. (N. Y.) 530; *Ware v.
Barlow,* 81 Ga. 1, 6 S. E. 465; *Lee v. Ogden,* 83 Ga. 325,
10 S. E. 349; *Burgett v. Taliaferro,* 118 Ill. 503, 9 N.
E. 334; *McCagg v. Heacock,* 34 Ill. 476, 85 Am. Dec.
327; *Rawson v. Fox,* 65 Ill. 200; *Smith v. Ferguson,* 91

Ill. 304; *Conner v. Goodman,* 104 Ill. 365; *Street v. Collier,* 118 Ga. 470, 45 S. E. 294.

FULLERTON, J.—In this action the appellant sought to recover possession of, and quiet his title to, block 6, of Lewis & Shaw's Terrace Park Addition to the city of Spokane. The respondents defended on the ground, among others, that they had acquired title thereto by virtue of Bal. Code, § 5503, which provides that,

"Every person in actual, open and notorious possession of lands or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, devise or descent, before said seven years shall have expired, and who shall continue such possession and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section."

The trial court found that the respondent, Henry Howard, purchased the property at a mortgage foreclosure sale, had on May 1, 1894; that he received on that day a sheriff's certificate of sale of the property, and immediately entered into possession thereof; that he continued in such possession until July, 1896, when a sheriff's deed of the property was issued to him, at which time he conveyed the property to the respondent Dollie Howard, and put her into the possession thereof; that she continued in such possession until the commencement of this action. The court further found that such possession was actual, open, and notorious, under claim and color of title, made in good faith, and that it had continued for more than seven years; and that the defendants had paid all taxes

legally assessed on the property from 1894 to the commencement of this action in 1902, a period of more than seven years.   As a conclusion of law, the court found that the respondent had title to the property, and entered a judgment accordingly.

The appellant questions both the findings of fact made by the court, and the rule of law applied to the facts as found.   As to the facts, the only point concerning which there could be any question is the character of the possession held by the respondents.   But on this we think the evidence abundantly supports the finding.   While the respondents did not reside on this particular block, their possession was actual · in the sense that they exercised control and dominion over it.   "By actual possession," says Chief Justice Field, in *Coryell v. Cain,* 16 Cal. 567, "is meant a subjection to the will and dominion of the claimant, . . ."   The respondent, Henry Howard, purchased at the mortgage sale a considerable tract of land, of which the block in dispute formed a part.   When he took possession of his purchase, he took possession of the tract as a whole.   He could not be expected to actually reside on each integral part of the tract purchased.

The second contention is that the respondent did not enter under color of title.   It is conceded that this court has held against this contention in *Philadelphia Mtg. & Trust Co. v. Palmer,* 32 Wash. 455, 73 Pac. 501, but it is insisted that that case is not sound in principle, and should be overruled.   But, without following the appellant's argument, we are not convinced that the case is wrong, as applied to the statute above cited, and we decline to depart from it.

The judgment appealed from is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.