[No. 7239.   Decided July 23, 1908.]

SIMEON S. JOHNSON *et al.*, *Appellants*, v. EUGENIA S.
BARTLETT *et al.*, *Respondents*.[1]

MORTGAGES—FORECLOSURE—CONFIRMATION—EFFECT.  Confirmation
of a mortgage foreclosure sale, regularly made, under a decree regu-
lar on its face and reciting service on all the defendants, cures de-
fects in the matter of publishing the notice of sale.

ADVERSE POSSESSION—COLOR OF TITLE—GOOD FAITH—MORTGAGES—
REDEMPTION—LIMITATIONS.  A certificate of sale and sheriff's deed,
executed in legal form and confirmed, constitute color of title, within
Bal. Code, § 5503, providing for title by adverse possession and the
payment of taxes for seven consecutive years under claim and color
of title made in good faith; and such possession and payment of
taxes bars an action to redeem from the mortgage based on the in-
validity of the foreclosure decree and sale.

Appeal from a judgment of the superior court for Spokane
county, Sullivan, J., entered June 29, 1907, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action to redeem from a real
estate mortgage.  Affirmed.

*Peacock & Ludden*, for appellants.

*Happy & Hindman*, for respondents.

CROW, J.—This action was instituted by Simeon S. John-
son, Linnie Johnson, his wife, and Solomon Cameron, against
Eugenia S. Bartlett, T. Harris Bartlett, her husband, and
Eleanora B. Ogden, defendants, for an accounting and to
redeem certain real estate from an alleged mortgage lien.  The
plaintiffs, claiming themselves to be the owners of the fee
simple title, alleged that a certain foreclosure proceeding un-
der which the defendants claim title is void; that the defend-
ants are mortgagees in possession, and that the plaintiffs are
entitled to the property upon discharging the mortgage lien.
The defendants pleaded title in T. Harris Bartlett under the

[1]Reported in 96 Pac. 833.

foreclosure proceedings, and by adverse possession. From a judgment quieting his title, the plaintiffs have appealed.

The appellants contend that the trial court erred in its findings made, in refusing findings requested, in its conclusions of law, and in entering the final decree. The evidence shows, and the trial court found, that on March 3, 1890, the appellants Simeon S. Johnson, Linnie Johnson, his wife, and Solomon Cameron, a single man, executed and delivered to one James P. Bartlett, now deceased, two promissory notes for the sum of $6,000; that to secure their payment they also executed and delivered to James P. Bartlett their mortgage deed of that date, on certain real estate which they owned in the city of Spokane, the same being the real estate in dispute in this action; that on November 13, 1894, the sum of $3,000 and interest being past due and unpaid, James P. Bartlett, as plaintiff, commenced in the superior court of Spokane county an action of foreclosure of his mortgage, wherein Simeon S. Johnson, Linnie Johnson, his wife, Solomon Cameron and others were defendants; that personal service was made on all of the defendants therein; that on January 4, 1895, after default by Johnson and wife but prior to default by Cameron, the plaintiff, James P. Bartlett, caused foreclosure judgment and decree to be entered against all the defendants, including Cameron, for $3,317.50 debt, $300 attorney's fees, and costs of suit; that on the same date an execution and order of sale was issued, under which the sheriff of Spokane county, on February 8, 1895, sold the property to James P. Bartlett for $2,500, leaving a deficiency of $1,194.79; that a return of this sale was made and filed; that no confirmation thereof was asked or had; that no sheriff's deed issued thereon; that afterwards, on June 12, 1895, James P. Bartlett, having discovered his judgment had been prematurely entered as against the defendant Solomon Cameron, caused an amended judgment and decree to be entered against all of the defendants, for $3,-317.50, with interest from January 4, 1895, the date of the

former decree, and for $300 attorney's fees and costs; that this second decree, after making reference to and setting forth the former decree, recited that it was void as to the defendant Solomon Cameron for the want of service upon him prior to its entry; that upon the amended decree an execution and order of sale was issued under which the sheriff of Spokane county, on July 15, 1895, again sold the real estate to James P. Bartlett for $2,500, leaving a deficiency of $1,309.05; that the second sale was confirmed by order of court; that a certificate of sale was issued to James P. Bartlett; that on November 7, 1896, the sheriff of Spokane county, Washington, executed and delivered to Frances M. Bartlett, widow and successor in interest of James P. Bartlett, then deceased, a deed for the real estate; that Frances M. Bartlett died in August, 1897; that the respondent T. Harris Bartlett, her son, obtained title by descent from her and by deeds from her other heirs; that the respondent T. Harris Bartlett is now the owner of the real estate; that he and his predecessors in interest have been continually in quiet and peaceful possession since July 15, 1895, in good faith, holding and claiming title under such foreclosure proceedings, and that they have paid all taxes during such period.

The evidence shows that, although personally served with summons, neither Simeon S. Johnson nor Linnie Johnson, his wife, nor Solomon Cameron, appeared in the foreclosure proceedings, and that none of them ever attacked its validity at any time prior to January 30, 1907, the date of the commencement of this action. The evidence further shows that on January 7, 1901, the respondent T. Harris Bartlett executed and delivered to the respondent Eugenia S. Bartlett, his wife, an instrument which, although in form a warranty deed for the real estate, was in fact a mortgage executed for the purpose of securing a loan of $4,000. Relying on this deed; the appellants asked a finding, which the trial court refused, to the effect that the respondent T. Harris Bartlett

was not the owner of the real estate, but that he had made an absolute conveyance to his wife, the respondent Eugenia S. Bartlett. We conclude that this requested finding was properly refused. The joint answer of the defendants T. Harris Bartlett and Eugenia S. Bartlett alleged title and ownership in T. Harris Bartlett, and the undisputed evidence sustains their contention that the deed above mentioned was a mortgage, and that whatever title or interest was derived from the foreclosure proceeding is equitably vested in the respondent T. Harris Bartlett.

The substance of appellants' contentions seems to be, that the original judgment was partially satisfied by the first sale, without credit being given therefor; that the second or amended decree was void, as it was entered without notice to the appellants Johnson and wife; that the sheriff did not publish notice of the second sale for the entire time required by the statute; that the second sale, which was made under the amended decree, was void; that the respondents, holding under such void foreclosure and sale, are mortgagees in possession against whom the statute of limitations has not run, and that the appellants are, therefore, entitled to an adjudication of the amount due on the mortgage, are further entitled to redeem by making payment of the amount so found to be due, and recover possession after making such redemption. Respondents contend that the amended decree and foreclosure sale are valid; that the decree recites legal service upon all of the defendants, and cannot be attacked in this collateral proceeding; that the respondent T. Harris Bartlett holds a valid title under the foreclosure decree; that he has in any event obtained title by adverse possession under the seven-year color-of-title statute [Bal. Code, § 5503 (P. C. § 1160)], and also under the ten-year statute of limitations [Bal. Code, § 4797 (P. C. § 280)].

It is not necessary for us to pass upon the validity or invalidity of the amended decree under which the second sale was made. An examination shows it to be regular upon its

face, and that it recites service on all the defendants without stating the respective dates on which such service was made. The foreclosure sale was regularly made and confirmed. Confirmation cured any alleged defects in the matter of publication of notice. The certificate of sale and the sheriff's deed, afterwards executed in legal form and delivered in pursuance of such confirmed sale, were certainly color of title under which, in contemplation of §5503, *supra*, the respondent T. Harris Bartlett and his predecessors in interest have been in actual, open, and notorious possession, and have in good faith claimed title, and paid taxes for more than seven successive years prior to the commencement of this action. *Philadelphia Mortgage & Trust Co. v. Palmer*, 32 Wash. 455, 73 Pac. 501; *Olson v. Howard*, 38 Wash. 15, 80 Pac. 170; *Cox v. Tompkinson,.39* Wash. 70, 80 Pac. 1005.

Assuming that, in a proper action, commenced within the statutory period, it might have been shown that the amended decree for want of notice was void, and that the respondent T. Harris Bartlett and his predecessors in interest were by reason thereof mortgagees in possession against whom, on authority of *Investment Securities Co. v. Adams*, 37 Wash. 211, 79 Pac. 625; *Sloane v. Lucas*, 37 Wash. 348, 79 Pac. 949; *Sawyer v. Vermont Loan & Trust Co.*, 41 Wash. 524, 84 Pac. 8, and other cases decided by this court, the statute of limitations did not run, the appellants are nevertheless barred from making any such a showing in this action or at this time.

The vital question for our consideration is, not whether the six-year statute of limitations has run against the mortgage notes equitably assigned by a void foreclosure to respondent T. Harris Bartlett as mortgagee in possession, but whether the seven-year statute, § 5503, *supra*, has run against the appellants who are now prosecuting this action. At the time respondent's predecessors in interest took possession, they in good faith held and claimed under the certificate of sale, which constituted color of title in contemplation of

§ 5503, *supra*. That statute then commenced to run in their favor. The evidence shows that it had completely run against the appellants prior to commencement of this action. The trial court correctly held that the respondent T. Harris Bartlett was entitled to a decree quieting his title.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, and MOUNT, JJ., concur.