[No. 7425. Decided April 29, 1909.]

F. B. GOETTER *et al., Respondents,* v. BENJAMIN P. MOORE *et al., Appellants.*[1]

ADVERSE POSSESSION—PAYMENT OF TAXES—COLOR OF TITLE—SHERIFF'S CERTIFICATE OF SALE. A sheriff's certificate of sale upon mortgage foreclosure, delivered to the purchaser, is color of title, and with payment of taxes for seven years, in good faith, constitutes a title by adverse possession of vacant and unoccupied lands, as against the foreclosure defendants, and also their wives who were not made parties to the foreclosure, where they all had acquiesced in the decree, and had not been in possession, or paid any taxes, or made any claim to the land, for twelve years.

Appeal from a judgment of the superior court for Stevens county, Kennan, J., entered December 28, 1907, upon findings in favor of the plaintiffs, after a trial before the court without a jury, in an action to quiet title. Affirmed.

*L. B. Nash,* for appellants Burns and Clark.

*Slater & Allen,* for appellants Moore and Slater.

*W. H. Jackson* and *Jesseph & Grinstead,* for respondents.

[1]Reported in 101 Pac. 365.

CROW, J.—Action by Frank B. Goetter, Fannie E. Mc-Cauley, Cora M. Armstrong, and George G. Vivian, against Benjamin P. Moore, Cyrus R. Burns, Mary E. Burns, his wife, and others, to quiet title to certain real estate in Stevens county. From a decree in favor of the plaintiffs, the defendants have appealed.

The respondents, F. B. Goetter, Fannie E. McCauley, Cora M. Armstrong, and George G. Vivian, original plaintiffs, and L. E. Jesseph and Mrs. L. E. Jesseph, his wife, cross-complainants, also respondents, claim different portions of the same forty-acre tract. Their respective titles, so far as the controlling points in this action are concerned, are identical in character, being subject to the same alleged defects, and will be considered together. The same statement is pertinent to the appellants, who severally claim undivided interests under alleged titles identical in character.

The entire tract was patented by the United States government in November, 1887, to one Henry C. Kinsley, a minor, then about six years of age, of whose person and estate one Jacob Stitzel was the duly appointed, qualified, and acting guardian. About May, 1890, Stitzel, as such guardian, under an order of court, sold the forty-acre tract to the appellant Benjamin P. Moore, who purchased for himself and, also, in trust for the respondent George G. Vivian and the appellants Cyrus R. Burns and Ralph L. Clark. Vivian was one of the plaintiffs below and is a respondent here. At the time of the commencement of this action, he claimed the interest which he now pleads, under the chain of title pleaded by the other respondents, and not under that pleaded by the appellants.

On May 26, 1890, Benjamin P. Moore, a single man, executed and delivered to Stitzel, as guardian, an unpaid purchase money note and mortgage on the land. The note and mortgage, not having been paid at maturity, were on October 27, 1890, cancelled and surrendered to the appellant Benjamin P. Moore, who thereupon executed and delivered

to Stitzel, as guardian, a renewal note and mortgage for the same amount. On July 14, 1891, Moore executed and delivered to Burns, Clark, and Vivian, deeds for an undivided one-fourth interest in the land, to each of them, subject to the mortgage,. and also a deed for his own undivided one-fourth interest to the appellant John B. Slater, as trustee for the benefit of creditors of the Stevens County Bank.

Thereafter, on August 17, 1893, Jacob Stitzel, as guardian of the person and estate of Henry C. Kinsley, a minor, commenced an action in the superior court of Stevens county, against Benjamin P. Moore, Ralph L. Clark, George G. Vivian, Cyrus R. Burns, John B. Slater, as trustees of the Stevens County Bank, an insolvent corporation, and others, as defendants, to foreclose the renewal mortgage above mentioned. The record shows that Burns and Clark were then married men; that the land was their community property, and that their wives were not made parties to the foreclosure action. Thereafter a decree of foreclosure was entered, and an order of sale was issued to the sheriff of Stevens county, who, on March 31, 1894, sold the land to Jacob Stitzel as guardian of the person and estate of Henry C. Kinsley, and made return of his proceedings, showing the sale and the execution and delivery of a certificate of sale to Stitzel, as guardian. Kinsley reached the age of majority in 1902; whereupon Stitzel, as guardian, made his final account and conveyed the land to him. From Kinsley all of the respondents, including the respondent Vivian, have since deraigned title by mesne conveyances. None of the foregoing facts are disputed by any of the parties.

The respondents further claimed that a certificate of sale was actually executed and delivered !to Jacob Stitzel, as guardian, by the sheriff of Stevens county; that it was never recorded and cannot now be found; that Stitzel, as guardian, immediately entered into the exclusive possession and control of the land; that he, his grantee, Kinsley, and all grantees of the latter, including the respondents, have since been in con-

tinuous, open, and notorious possession of the land, in good faith, claiming the same adversely and under color of title, and that they have since paid all taxes levied and assessed thereon. These facts, although disputed by the appellants, were found by the trial court. Appellants now contend, that they were not shown by the evidence; that Stitzel, as guardian, was never in possession; that he and his grantees never obtained, held, or had any certificate of sale, or other color of title, made in good faith, and that they did not pay all taxes on the land.

Our conclusion from all the evidence is that it does tend to support the finding that Stitzel, as guardian, and Kinsley and the respondents, as his successors in interest, were in continuous and adverse possession at all times since 1894; but the evidence on that point being somewhat weak and vigorously disputed, we will assume, for the purposes of this decision, that it does not sustain the finding as to adverse possession. The findings that the certificate of sale was executed and delivered, that the respondents and their grantors claimed the land in good faith under color of title, and that they had paid all taxes thereon for more than seven years continuously, prior to the commencement of this action, are unquestionably sustained by the preponderance of the evidence. The evidence also shows that the appellants have, none of them, been in possession or paid any taxes on the land since the sheriff's sale in 1894. By their long-continued inactivity, and their failure to take possession, pay taxes, or assert title, they impliedly acquiesced in the foreclosure and sale, of which they had actual knowledge. It appears from the record that some of them compromised and settled a deficiency judgment entered against them therein without attacking its regularity or validity. Their course of action indicates that they regarded their interests as having been lost by the foreclosure and sale, and they never made any contention to the contrary, for the period of about twelve years, and until after the respondents had commenced this action to

quiet their title. The foreclosure decree recites service upon all of the defendants therein, and is regular upon its face. It directed the sale afterwards made by the sheriff, in pursuance of which a certificate of sale was executed and delivered. Assuming the land to have been vacant and unoccupied, as contended by the appellants, yet, under Bal. Code, § 5504 (P. C. § 1161), the other facts found by the trial court and sustained by the preponderance of the evidence, are sufficient to vest the complete fee simple title in the respondents. They have shown (1) color of title made and claimed in good faith, and (2) payment of taxes for more than seven successive years. It is conceded that no sheriff's deed was issued, and there is no evidence of any order confirming the sheriff's sale. Yet the certificate of sale was executed and issued. Under repeated holdings of this court such a certificate constituted color of title. *Olson v. Howard,* 38 Wash. 15, 80 Pac. 170; *Johnson v. Bartlett,* 50 Wash. 114, 96 Pac. 833. In *Philadelphia Mortgage & Trust Co. v. Palmer,* 32 Wash. 455, 73 Pac. 501, this court, at page 464, said:

"A proceeding which, if valid, will give to an execution purchaser of land, a substantial title, as well as all the rights and privileges which follow title, ought, when invalid, if pursued in good faith under a belief and claim of right, to give color of title sufficient to start in motion the statute of limitations; and in the case before us we are constrained to hold that the sheriff's sale conferred on the appellant such color of title as to enable it to claim the benefit of the statute involved here."

The certificate of sale being color of title under which the respondents and their grantors did, for more than seven consecutive years, prior to the commencement of this action, claim title in good faith, and pay all taxes levied and assessed against the land, their title is absolutely established under the provisions of Bal. Code, § 5504, *supra.*

The judgment is affirmed.

Rudkin, C. J., Mount, Chadwick, Dunbar, and Fullerton, JJ., concur.