[No. 10084. Department One. April 11, 1912.]

FRANK McHUGH et al., Appellants, v. ERNEST A. CONNER et al., Respondents.[1]

JUDGMENT—DEFAULT—VACATION—SERVICE OF PROCESS—BURDEN OF PROOF—EVIDENCE—SUFFICIENCY. A default judgment entered upon false proof of service cannot be set aside for want of jurisdiction, where it appears that there was a further valid service of process, although no proof thereof was made before judgment; and the burden of proof is upon the defendant to show that no valid service was made.

PROCESS—SERVICE—WHO MAY MAKE. That the server of process was over twenty-one years of age sufficiently appears where he testified that he had been a practicing attorney for thirty years.

EXECUTION — SALE — PUBLICATION OF NOTICE — CONFIRMATION — WAIVER OF OBJECTIONS. The order confirming an execution sale, without objection made, cures any defects in the matter of publishing notice of the sale.

Appeal from a judgment of the superior court for Pierce county, Gay, J., entered May 5, 1911, upon findings in favor of the defendants, in an action to quiet title. Affirmed.

W. H. Doolittle, James J. Anderson, and Wesley Lloyd, for appellants.

A. H. Garretson (J. W. A. Nichols, of counsel), for respondents.

CROW, J.—This action was commenced by Frank McHugh and wife against Ernest A. Conner, L. R. Coombs and others, to quiet title to lots 15 and 16, in block 32, Buckley's addition to Tacoma. From a decree dismissing the complaint, and quieting title in the defendants, the plaintiffs have appealed.

The vital question on this appeal is the validity of an execution sale under which the respondents L. R. Coombs and C. Briggs claim title. E. D. Ammidown and Alma S.

[1]Reported in 122 Pac. 1018.

Ammidown, his wife, owned the lots in the year 1908.   On November 17, 1908, L. R. Coombs and C. Briggs, as plaintiffs, obtained a default judgment for $792, interest and costs, against E. D. Ammidown and wife, in cause No. 27,516, then pending in the superior court of Pierce county.   Execution was issued on this judgment, under which the lots were sold to Coombs and Briggs.   The sale was confirmed, and after the period of redemption had expired, a sheriff's deed was executed and delivered to Coombs and Briggs, under which they now claim title.   Appellants claim to have deraigned title from Ammidown and wife by mesne conveyances, executed after the date of the sheriff's sale.

Appellants' first contention is that the judgment in cause No. 27,516 is void for want of service of process on Ammidown and wife.   In that cause, Coombs and Briggs were represented by A. H. Garretson and C. E. George, their attorneys, and the record shows that proof of service was made by the affidavit of C. E. George, who deposed that, in Pierce county, on October 19, 1908, he had served the defendants Ammidown and wife with copies of the summons and complaint.   Upon this affidavit, and an affidavit of nonappearance made by A. H. Garretson, an order of default was entered, in which it was found and adjudged that service had been duly made, and upon this order of default the final judgment was entered.   On the trial of this action, appellants introduced evidence to show that no copy of the summons had been served upon Ammidown and wife, by Mr. George or by any other person; that Mr. George served copies of the complaint only; and that his affidavit was untrue, in so far as it stated that the summons had been served.   Respondents admitted that, by inadvertence, Mr. George served copies of the complaint only, but introduced evidence to show that his failure to serve copies of the summons was immediately discovered by Mr. Garretson, who forthwith, on the same day, October 19, 1908, called upon Ammidown and wife, directed their attention to the omission, received from them the copies

of the complaint, attached copies of the summons thereto, and personally delivered them to, and left them with, Ammidown and wife, who then stated they would not appear in the action; that when the default was entered, proof of service was made by Mr. George, but that the only valid service had in fact been made by Mr. Garretson; that the defendants had actual notice of the pendency of the action, that they failed to appear; that the court obtained jurisdiction over them; and that the judgment was valid. This evidence was contradicted by appellants' witnesses. In their opening brief appellants say:

"This case will, as appellants understand the law, be tried *de novo* in this court, and perhaps it might assist the court to state at this time, that the principal question of fact involved is: Did A. H. Garretson serve a summons upon the defendants in the Ammidown case?"

This is a clear statement of the only material issue before us, as the judgment is not void if the service was made by Mr. Garretson as claimed by respondents. The trial judge found that the service had been made by him. We have carefully examined the evidence and conclude that it supports his finding. The service made by Mr. Garretson conferred jurisdiction upon the court to enter the judgment, which is therefore valid and cannot be vacated in this action. Although the proof of service made and filed by Mr. George was not in accordance with the facts, it would not necessarily follow that the judgment is void. To avoid the judgment, the burden devolved upon appellants to show that no valid service had been made. This burden they have not sustained. It has been shown that service was made, and the judgment will not be vacated for the want of proof of that particular service in the record. The question to be now determined is not whether there was any irregularity in the record in cause No. 27,516, but whether the service was actually made and conferred jurisdiction on the court. In *State ex rel. Boyle*

*v. Superior Court*, 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724, this court said:

"There was a document on file in the form of an affidavit showing personal service of the process upon each of the defendants.  The same was not sworn to, and the contention of the respondent is that it must be presumed that this was the only proof of service made, and, it not being sworn to, that the judgment was void.  We think under the holdings of this court in *Rogers v. Miller*, 13 Wash. 82, 42 Pac. 525; *Christofferson v. Pfenning*, 16 Wash. 491, 48 Pac. 264, and *Kizer v. Caufield*, 17 Wash. 417, 49 Pac. 1064, the presumption must be that there was a valid service. This document might in fact have been sworn to in open court before the judge at the time the judgment was taken. Although it was irregular not to have proof of service appear of record, this would not affect the jurisdiction of the court to render judgment."

Appellants insist that the record fails to show that A. H. Garretson was twenty-one years of age and competent to make the service.  He testified that he had been practicing law for thirty years.  This undisputed statement shows he was more than twenty-one years of age on October 19, 1908.

Appellants further contend the sheriff's sale was void because the paper in which the notice of sale was published did not comply with the requirements of the statute.  This objection should have been interposed prior to the entry of the order of confirmation.  That order cured any defects in the matter of publishing the notice of sale.  Freeman, Void Judicial Sales, § 44; *Parker v. Dacres*, 1 Wash. 190, 24 Pac. 192; *Johnson v. Bartlett*, 50 Wash. 114, 96 Pac. 833.

The judgment is affirmed.

DUNBAR, C. J., and PARKER, J., concur.