[No. 15043. Department One. November 20, 1918.]

LEE M. ALLEN, *Appellant*, v. LIDA A. STARR, *Administratrix, etc., Respondent.*[1]

PROCESS (41)—PROOF OF SERVICE—BURDEN OF PROOF. After judgment, the burden is upon the person attacking the service to show by clear and convincing evidence that the same was irregular.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 25, 1918, in favor of the defendant, in an action to vacate a default judgment, tried to the court. Affirmed.

*C. S. Goshert,* for appellant.

*Turner & Hartge,* for respondent.

[1]Reported in 176 Pac. 2.

MACKINTOSH, J.—The appellant is seeking to have vacated a default judgment entered against him on the 9th day of November, 1916, claiming that there had never been any legal service of summons and complaint. The sheriff's return showed service by leaving a copy of the summons and complaint with the wife of the appellant, at the place of the usual abode of appellant, on October 17, 1916. No appearance having been made, default judgment was taken, and thereafter execution was issued and the appellant's property sold to satisfy the judgment. The trial court, after hearing the evidence introduced by appellant, and that introduced by respondent, refused to open and vacate the default judgment, holding that personal service had been made, as shown by the sheriff's return.

While it is true that a sheriff's return is not conclusive evidence of the facts therein stated, it is also true that, after a judgment has been rendered upon proof made by the sheriff's return, such judgment should only be set aside upon convincing evidence of the incorrectness of the return, in order that judicial conclusions may possess regularity and stability. After judgment, the burden is upon the person attacking the service to show, by clear and convincing proof, that the service was irregular. *McHugh v. Connor,* 68 Wash. 229, 122 Pac. 1018; 32 Cyc. 516. An examination of the testimony in this case does not disclose such a degree of proof as meets the burden which rests upon the appellant, and for that reason we affirm the action of the lower court.

MAIN, C. J., TOLMAN, CHADWICK, and MITCHELL, JJ., concur.