# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA), N.A., | ) | DIVISION ONE |
| Respondent, | ) ) | No. 72764-8-I |
| v. | ) ) | UNPUBLISHED OPINION |
| DAVID L. KOPLITZ, | ) ) | |
| Appellant. | ) ) | FILED: March 2, 2015 |

DWYER, J. — After David Koplitz failed to respond to a summons and complaint, a default judgment was entered against him. Koplitz moved to vacate the default judgment on the ground that he had not been properly served. His motion was denied. Because we find no error in the trial court proceedings, we affirm.

I

Capital One Bank issued a credit card account to Koplitz. Koplitz used the credit card to make purchases. Eventually, he defaulted on the agreement by failing to make payments on the account. As a result, he became indebted to Capital One in the amount of $16,388.60.

On June 8, 2011, Capital One attempted to serve Koplitz with a summons and complaint. In a sworn declaration, the process server hired by Capital One stated that the summons and complaint were left with Bruce Gingrich—

purportedly a co-resident of Koplitz.

> On the date and time of Jun 8 2011 10:47 AM at the address of 5820 25th AVE SE LACEY, within the County of THURSTON, State of WASHINGTON, the declarant duly served the above described documents upon DAVID L KOPLITZ by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with Bruce Gingrich CO-RESIDENT, a brown-haired white male approx. 35-45 years of age, 6'0"-6'6" tall and weighing 160-180 lbs., a person of suitable age and discretion who stated they reside at the defendant's/respondent's usual place of abode listed above.

On June 23, Koplitz mailed a letter to counsel for Capital One, in which he indicated that the summons and complaint had been "found by my brother on the ground at the front door at the place that he stays at." The mailing address provided by Koplitz was 3959 Martin Way E, Olympia, Washington 98506.

On October 11, Capital One filed suit against Koplitz in Thurston County Superior Court.

On November 3, Capital One moved for a default judgment on the ground that Koplitz had failed to properly file an answer within 20 days of service. Capital One requested a hearing date of December 2 to address the motion for a default judgment.

On December 2, Capital One appeared in Thurston County Superior Court, but Koplitz did not. Consequently, the trial court entered a default judgment against Koplitz in the amount of $16,948.59.

On October 3, 2012, Capital One obtained a writ of garnishment against Koplitz's bank account. $11,562.34 was obtained in the garnishment.

Thereafter, Koplitz opposed the garnishment and submitted documents in

support of his position. One of these documents was a signed statement from Gingrich, in which he stated that Koplitz did not live with him but, rather, lived in a nearby unit within the same building. This statement was not made under penalty of perjury and was not notarized. In addition, it was signed and dated on June 5, 2011—three days prior to the date upon which the process server had served the summons and complaint upon Gingrich.

Koplitz also included a utility bill from October 2012, which lists his address as 5820 25th Ave SE, Lacey, Washington 98503—the same address at which the process server served the summons and complaint.

Capital One noted a motion for November 9, 2012 to resolve Koplitz's claim of exemption from the garnishment of his bank account. Capital One sent notice to Koplitz at 3959 Martin Way E, Olympia, Washington 98506—the address provided by Koplitz in the letter that Capital One considered to be his notice of appearance.

At the November 9 hearing, Thurston County Superior Court Judge Thomas McPhee interpreted Koplitz's pleadings as constituting a motion to vacate the default judgment. Judge McPhee permitted Capital One to re-note the hearing and instructed Capital One to send notice to Koplitz at 5820 25th Ave SE, Lacey, Washington 98503.

On November 30, Judge McPhee presided over a hearing on the motion to vacate the default judgment. Judge McPhee reserved a ruling until a later date and informed the parties that, because November 30 was his last day on the

bench, they would receive the ruling via mail.[1]

Koplitz subsequently filed additional documentation in superior court. One of these documents was a letter in which he stated that the address in Olympia from which he had sent his notice of appearance was his work address. He also alleged that Capital One had "purposely miss directed [sic] the information for court date in an attempt to get a default judgment." However, the court date referenced by Koplitz—November 16, 2012—was nearly a year after the default judgment had been entered.

On January 9, 2013, Koplitz submitted an undated and unsigned "Property Rental Agreement" between Bruce Gingrich and "The Landlord," whose name had been redacted from the document. The "Physical Address" listed in this document was the following: 5809 25th Avenue SE, Lacey, Washington. Koplitz again alleged that Capital One had attempted to obtain a default judgment by means of improper service of process.

On April 16, Judge McPhee issued an opinion denying Koplitz's motion to vacate the default judgment. His opinion is recreated, in pertinent part, below.

> I have reviewed the entire file, including all recently filed materials. I conclude that all relief sought by [Koplitz] is not supported by either facts or the law and that all claimed relief must be denied.
> Denial of the motion to vacate the default judgment is required on both procedural and substantive grounds. Procedurally, [Koplitz] has not complied with CR 60(e)(3). As a matter of substantive law, I conclude that [Koplitz] received adequate notice of the hearing on plaintiff's motion for a default judgment. It was sent to the address supplied by defendant when

---

[1] After a long and distinguished career, Judge McPhee was about to embark on a well-earned period of retirement.

he appeared by letter to contest plaintiff's complaint. Further, he fails to raise any defense to the complaint that rises to the level required by CR 60(e)(1) except the defense of lack of jurisdiction by reason of inadequate service of original process, a defense that can be raised at any time.

In her brief filed November 28, [Capital One's counsel] correctly states the law relating to a contested declaration of service and persuasively argues defendant has failed to show facts that create a triable issue of fact. I agree that the purported statement of Mr. Gingrich is so rife with material inconsistencies that it cannot be judged credible. There is no basis here to conclude that [Capital One] failed to service [Koplitz] by valid substituted service or to conclude that [Koplitz] is now entitled to an evidentiary hearing on that issue.

The remaining issue raised by [Koplitz] in his claims for relief is a claim that he is entitled to an exemption from the writ of garnishment. He has failed to show any valid exemption. [Koplitz's] claim that his judgment has been paid by the Federal Reinvestment and Recovery Act of 2008 is not supported by any evidence and appears nonsensical.

Because Judge McPhee had retired, he directed Capital One's counsel to prepare an order and consult with the presiding judge regarding the proper procedure for entry of the proposed order.

On April 26, the parties appeared before a different superior court judge for presentation of the order. However, because the newly assigned judge preferred to have Judge McPhee hear the matter on a "pro tem" basis, the proposed order was not entered at that time.

Subsequently, Koplitz filed another motion to vacate the default judgment and submitted additional materials in a further belated attempt to show that Gingrich did not reside at 5820 25th Ave SE, Lacey, Washington 98503.

The parties then entered an agreed order permitting retired Judge McPhee to preside over the hearing for the presentation of the order as a judge

No. 72764-8-I/6

pro tempore.[2]

On August 9, Judge McPhee entered an order denying Koplitz's motion to vacate the default judgment, as well as an order denying Koplitz's exemption claim.

Koplitz appeals.

II

Koplitz assigns error to the trial court's denial of his motion to vacate the default judgment entered against him. Koplitz contends that service of process was defective, which resulted in the entry of a void judgment, given that personal jurisdiction over him was wanting. We disagree.

"Proper service of the summons and complaint is essential to invoke personal jurisdiction over a party, and a default judgment entered without proper jurisdiction is void." In re Marriage of Markowski, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988) (citing Mid–City Materials, Inc. v. Heater Beaters Custom Fireplaces, 36 Wn. App. 480, 674 P.2d 1271 (1984)). Where the entity against whom the judgment was entered was not the entity served, the judgment is void due to lack of personal jurisdiction. See Painter v. Olney, 37 Wn. App. 424, 427, 680 P.2d 1066 (1984). Trial courts have a nondiscretionary duty to grant relief from default judgments that are entered by courts without personal jurisdiction. Leen v. Demopolis, 62 Wn. App. 473, 478, 815 P.2d 269 (1991); Markowski, 50 Wn. App. at 635. Whether service of process was proper is a question of law

---

[2] RCW 2.08.180 authorizes a retired judge to hear a pending case as a judge pro tempore, even absent a written agreement, if the judge "retires leaving a pending case in which the judge has made discretionary rulings . . . ." Thus, the parties' stipulation was unnecessary.

-6-

that we review de novo. <u>Goettemoeller v. Twist</u>, 161 Wn. App. 103, 107, 253 P.3d 405 (2011).

However, "[a]n affidavit of service that is regular in form and substance is presumptively correct." <u>In re Dependency of A.G.</u>, 93 Wn. App. 268, 277, 968 P.2d 424 (1998). Thus, the party challenging service bears the burden of proving improper service by clear and convincing evidence. <u>Allen v. Starr</u>, 104 Wash. 246, 247, 176 P. 2 (1918); <u>Vukich v. Anderson</u>, 97 Wn. App. 684, 687, 985 P.2d 952 (1999) (quoting <u>Woodruff v. Spence</u>, 88 Wn. App. 565, 571, 945 P.2d 745 (1997)). Clear and convincing evidence exists "when the evidence shows the ultimate fact at issue to be highly probable." <u>In re Dependency of K.S.C.</u>, 137 Wn.2d 918, 925, 976 P.2d 113 (1999). On appellate review, to sustain a finding in favor of the defendant-movant, there must be substantial evidence in the record from which a rational trier of fact could have found the necessary facts by clear and convincing evidence. <u>See</u> <u>K.S.C.</u>, 137 Wn.2d at 925.

Although the trial court does not have discretion in deciding whether to vacate a default judgment once it has found that it lacks personal jurisdiction, in determining a challenge based on improper service, the trial court must exercise its fact finding responsibilities. <u>See</u> <u>Edwards v. Morrison-Knudsen Co.</u>, 61 Wn.2d 593, 598, 379 P.2d 735 (1963) ("The function of ultimate fact finding is exclusively vested in the trial court"). Because of this, we review issues of fact only for substantial evidence. <u>See</u> <u>Dodd v. Polack</u>, 63 Wn.2d 828, 829, 389 P.2d 289 (1964).

In the event that the facts are disputed and unclear, the trial court must

enter the necessary factual findings to support its conclusion that the defendant has failed to prove by clear and convincing evidence that he was not properly served. Such findings, when they are supported by substantial evidence in the record, enable the appellate court to review de novo the legal conclusion of whether the defendant has shown by clear and convincing evidence that the trial court lacked personal jurisdiction at the time the default judgment was entered.

In this case, the trial court did indeed enter the necessary factual findings. In concluding that Koplitz "received adequate notice of the hearing on [Capital One's] motion for a default judgment," the court found that the summons "was sent to the address supplied by [Koplitz] when he appeared by letter to contest [Capital One's] complaint." Moreover, after finding that "the purported statement of Mr. Gingrich," which was submitted on Koplitz's behalf, "is so rife with material inconsistencies that it cannot be judged credible," the trial court reiterated, "There is no basis here to conclude that [Capital One] failed to service defendant by valid substituted service." In light of the trial court's conclusions, it may be inferred that the trial court was similarly unpersuaded by Koplitz's own conflicting accounts of the event in question.

We have no difficulty concluding that these findings are supported by substantial evidence in the record. Accordingly, our only remaining task is to consider whether the trial court's legal conclusion—that Koplitz failed to show by clear and convincing evidence that personal jurisdiction was wanting—was erroneous. We conclude that it was not.

The trial court's findings establish that the summons was served upon an

adult living at Koplitz's usual place of abode. Because the trial court did not give credence to Koplitz's version of events, and because RCW 4.28.080(15)[3] permits substitute service at the intended recipient's usual abode, the court did not err in concluding that Koplitz failed to meet his evidentiary burden in seeking vacation of the judgment. In the absence of clear and convincing evidence that personal jurisdiction over Koplitz was wanting, the trial court properly denied his motion to vacate the default judgment.[4]

Affirmed.

We concur:

_____
Dwyer, J.

_____
Spearman, C.J.

_____
Cox, J.

---

[3] Service on a defendant may be accomplished either by serving the defendant personally, "or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(15).

[4] Koplitz's briefing is discursive. This much, however, is clear: the relief he seeks is vacation of the default judgment. While he invokes a host of additional legal authority, he fails to demonstrate that any of these sources offers a tenable basis for obtaining the relief he seeks.