IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SAMUEL SALMON and ROXY SALMON, | ) ) ) | No. 33938-6-III |
| Appellants, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) ) | |
| Respondent. | ) | |

PENNELL, J. — Samuel and Roxy Salmon appeal the dismissal of their lawsuit

against Mortgage Electronic Registration Systems, Inc. (MERS) for violation of the

Consumer Protection Act (CPA), chapter 19.86 RCW. The superior court determined res

judicata barred the Salmons' CPA action. The Salmons contend the court erred in (1)

vacating the order of default entered against MERS, (2) determining res judicata barred

their claim, (3) denying their motion for discovery, (4) denying their motion to recuse,

and (5) denying their motion to reconsider. We affirm.

FACTS

In June 2013, the Salmons filed a complaint in Stevens County Superior Court

against MERS, a Delaware corporation. In September 2013, after serving an inactive

Washington domestic corporation named MERS via the secretary of state, the Salmons

attempted to obtain a default judgment against MERS for its alleged failure to appear in

this action. The superior court denied their request in a letter, indicating it was unclear if additional service was required. The Salmons again sought a default judgment in early 2015. This time they obtained an order of default against MERS.[1] When MERS learned of the order of default, it filed a motion to vacate based on the Salmons' improper service of the summons and complaint.

In its motion, MERS maintained the Salmons served a bogus MERS entity. The MERS sued in this lawsuit is a Delaware corporation with its principal place of business in Virginia. MERS does not have a registered agent in Washington. The bogus MERS served by the Salmons used MERS' UBI[2] number but was incorporated in Washington on June 3, 2009, by Robert Jacobson. MERS submitted documents and affidavits in support of its contention that Mr. Jacobson established this bogus MERS in order to trick people into thinking he was a proper registered agent who could accept service on MERS' behalf. Mr. Jacobson would then solicit payment from MERS to obtain the legal notices and documents he received. In February 2010, MERS obtained a permanent injunction against Mr. Jacobson in United States District Court for the Northern District of

---

[1] Although the order is entitled "Order of Default Judgment," the contents of the order and the minutes from the court hearing make it clear it is an order of default. *See* Clerk's Papers (CP) at 17-18.

[2] The Unified Business Identifier (UBI) number is a nine-digit number used to identify persons engaging in business activities in Washington.

California enjoining him from using MERS' name. The bogus MERS' Washington registration with the secretary of state expired in June 2010.

Based on this evidence, the superior court determined good cause existed to vacate the order of default. MERS then filed a CR 12(b)(6) motion to dismiss the Salmons' complaint based on res judicata and collateral estoppel. MERS' motion was based on the Salmons' prior attempts to litigate the foreclosure of their home.

In November 2010, the Salmons filed a lawsuit in Stevens County Superior Court against several defendants, including MERS, in an attempt to stop the foreclosure of their home.[3] Essentially, the Salmons claimed MERS was not a lawful beneficiary of the deed of trust and thus could not assign its interest in the deed of trust to the third party who eventually foreclosed on the deed of trust. After the lawsuit was removed to federal district court, that court dismissed it with prejudice as to all defendants.

Three months after the 2010 lawsuit was dismissed, the Salmons filed a second lawsuit in Stevens County Superior Court to stop the foreclosure of their home. The Salmons challenged the bank's authority to foreclose based on MERS' assignment of its beneficial interest to the bank. MERS was not a party to the 2010 lawsuit. Because of

---

[3] The facts of this case, as summarized here, are discussed in more detail in the United States District Court for the Eastern District of Washington's order dismissing the case. *See* CP 215-35.

the preclusive effect of it, that lawsuit was also dismissed with prejudice.

In 2013, the Salmons filed this third lawsuit. Their complaint, entitled "Consumer Protection Act Complaint and Injunction Pursuant [to] Supreme Court Decision: 86206-1 [*Bain*[4]]," asserted MERS' assignment of the deed of trust was unlawful because MERS was not a beneficiary. Clerk's Papers (CP) at 50. The Salmons further requested relief from MERS' "unfair or deceptive acts or practices." CP at 58.

The superior court heard argument on MERS' motion to dismiss and the Salmons' motion for discovery, which sought documents relating to the issues discussed in MERS' motion to vacate the order of default. The court granted MERS' motion to dismiss, finding the Salmons' claim could have and should have been raised previously.

Following entry of these orders, the Salmons unsuccessfully moved for reconsideration. The Salmons also moved to recuse the superior court judge from the case. The court also denied the recusal motion. The Salmons appeal.

## ANALYSIS

*Vacation of order of default*

The superior court has discretion when deciding whether to vacate an order of default. *In re Estate of Stevens*, 94 Wn. App. 20, 29, 971 P.2d 58 (1999). As such, this

---

[4] *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 285 P.3d 34 (2012).

court reviews the superior court's decision for abuse of discretion.[5] *Id.* Abuse of

discretion means the trial court exercised its discretion on untenable grounds or for

untenable reasons or acted in a manifestly unreasonable way. *Stevens*, 94 Wn. App. at 29.

The superior court's decision to vacate its order of default was based on a reasoned

analysis of numerous unique facts. There was no abuse of discretion.

*Res judicata*

The superior court granted MERS' CR 12(b)(6) motion to dismiss on the ground

of res judicata. A court's decision to grant a CR 12(b)(6) motion to dismiss is a question

of law this court reviews de novo. *Yurtis v. Phipps*, 143 Wn. App. 680, 689, 181 P.3d

849 (2008). Res judicata prohibits relitigation of previously decided matters. *Ensley v.*

*Pitcher*, 152 Wn. App. 891, 898-99, 222 P.3d 99 (2009). Res judicata requires a

concurrence of identity in four respects: (1) persons or parties, (2) quality of the person

for or against whom the claim is made, (3) cause of action, and (4) subject matter.

*Schoeman v. N.Y. Life Ins. Co.*, 106 Wn.2d 855, 858, 726 P.2d 1 (1986). Res judicata

---

[5] The Salmons argue MERS must prove by clear and convincing proof that service was improper in order to vacate the order of default. But the Salmons are confusing an *order* of default with a default *judgment*. The cases they cite deal with the latter. *See Allen v. Starr*, 104 Wash. 246, 247, 176 P. 2 (1918) (after default judgment the burden is on the party attacking service to show, by clear and convincing proof, the service was irregular); *see also McHugh v. Conner*, 68 Wash. 229, 231, 122 P. 1018 (1912); *Leen v. Demopolis*, 62 Wn. App. 473, 478, 815 P.2d 269 (1991).

also requires a final judgment on the merits. *Id.* at 860.

All four elements of res judicata are satisfied. MERS was a party to the Salmons' 2010 suit and the quality of its participation, as the reputed beneficiary of a deed of trust, is the same in both actions. In addition, the subject matter and cause of action are the same. Both complaints are premised on the claim that MERS could not appoint a successor trustee to initiate nonjudicial foreclosure of the Salmons' property because MERS was not the original beneficiary of the deed of trust and never held the applicable promissory note. The Salmons lost this argument in 2010. Since that time, our supreme court issued a decision favoring the Salmons' legal theory in *Bain v. Metropolitan Mortgage Group*, 175 Wn.2d 83, 285 P.3d 34 (2012). However, res judicata prohibits the Salmons from reopening their litigation based on *Bain*. The Salmons could have appealed their 2010 judgment, relying on arguments ultimately deemed successful in *Bain*. Because they did not, they are barred from relitigating the issue of whether MERS acted unlawfully in assigning the deed of trust to the Salmons' property, regardless of how their claims are captioned.

*Motion for discovery*

The Salmons next contend the superior court erred in denying their motion for discovery. They assert discovery was needed to rebut MERS' claims of ineffective

6

service. The superior court has discretion in deciding whether to deny a motion to compel discovery. *Clarke v. Office of the Attorney Gen.*, 133 Wn. App. 767, 777, 138 P.3d 144 (2006). This court will not disrupt that ruling absent an abuse of discretion. *Id.* Because no discovery was necessary to resolve the superior court's decision to vacate its order of default, there was no abuse of discretion.

*Motion to recuse*

This court reviews a trial court's decision to recuse for an abuse of discretion. *Tatham v. Rogers*, 170 Wn. App. 76, 87, 283 P.3d 583 (2012). Washington has long recognized judges must recuse themselves when the facts suggest they are actually or potentially biased. *Id.* at 93. While the facts here demonstrate the trial judge disagreed with the Salmons' legal argument, there was no indication of bias. Denial of the motion to recuse was proper.[6]

*Motion for reconsideration*

This court reviews a superior court's denial of a motion for reconsideration for

---

[6] The Salmons contend the superior court committed a felony when it "erased" their proposed orders of default. Br. of Appellant at 13, 18. This claim is outside the scope of the record on review and will not be addressed. The record that exists shows no evidence of bias.

No. 33938-6-III
*Salmon v. Mortg. Elec. Registration Sys.*

abuse of discretion. *Davies v. Holy Family Hosp.*, 144 Wn. App. 483, 497, 183 P.3d 283

(2008). Because the trial court did not commit any error in addressing the Salmons' legal

claims, it was not an abuse of discretion to deny reconsideration.

## CONCLUSION

The orders of the superior court are affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

8